# IN THE SUPREME COURT OF IOWA

No. 13–0665

Filed October 17, 2014

**GITS MANUFACTURING COMPANY** and **ST. PAUL TRAVELERS INSURANCE COMPANY,**

Appellants,

vs.

**DEBORAH FRANK,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

An employee seeks further review of a court of appeals decision reversing her award of benefits by the Iowa Workers' Compensation Commission. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED.**

William D. Scherle and Jay D. Grimes (until withdrawal) of Hansen, McClintock & Riley, Des Moines, for appellants.

D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

**WIGGINS, Justice.**

An employer and its insurance carrier sought judicial review of an Iowa Workers' Compensation Commission decision finding an employee totally and permanently disabled under the odd-lot doctrine and denying them certain credits for disability payments previously received by the employee from other sources. The district court affirmed, finding the employee is totally and permanently disabled under the odd-lot doctrine, but reversed on the issue of credits claimed by the employer and its insurer. Both parties appealed. The court of appeals reversed the judgment of the district court, holding substantial evidence did not support the finding the employee is totally and permanently disabled under the odd-lot doctrine, and the worker's compensation commission was correct in its decision concerning the credits. The employee sought further review, which we granted.

On further review, we find substantial evidence supports the commission's finding that the employee is totally and permanently disabled under the odd-lot doctrine. In our discretion, we let the court of appeals decision regarding the employer's credit for benefits received by the employee from other sources stand as the final decision. Consequently, we affirm the judgment of the district court finding substantial evidence supported the commission's findings that the employee is totally and permanently disabled. We reverse the district court's judgment regarding the issues concerning the credit due the employer for disability benefits received by the employee from other sources. Therefore, we remand the case to the district court to enter a judgment affirming the decision of the workers' compensation commission's decision.

## I. Prior Proceedings.

Deborah Frank filed a workers' compensation claim against her employer, Gits Manufacturing Company, and its insurer, St. Paul Travelers Insurance Company. For the sake of brevity, we will refer to the employer and its insurer as "Gits." The workers' compensation commission found Frank to be totally and permanently disabled under the odd-lot doctrine. The commission denied Gits a credit for social security benefits and long-term disability benefits received by Frank, and awarded penalty benefits against Gits. Gits asked for judicial review.

On judicial review, the district court affirmed the commission's finding that Frank is totally and permanently disabled and the award of penalty benefits. The district court reversed the commission on the credit issue and remanded the case to the commission.

Both parties appealed. We transferred the case to our court of appeals. Gits did not appeal the award of penalty benefits. The court of appeals reversed the district court's determination that substantial evidence supported the agency's award of permanent total benefits. The court of appeals concluded Gits did not preserve error on its claim Frank failed to offer adequate evidence of the amount of money she repaid to the long-term disability carrier because of social security benefits. It also concluded Gits did not preserve error on the issue of the amount of credit it was entitled to for the benefits paid to Frank. Thus, the court of appeals reversed the district court's determination on those benefits and any credit due Gits and affirmed the commission's decision on these issues. However, because the court of appeals reversed the district court's determination that substantial evidence supports the agency's award of permanent total benefits, it remanded the case to the district

court to remand the case back to the workers' compensation commission to determine Frank's disability on the existing record.

## II. Issue.

When we decide a case on further review, "we have the discretion to review all or some of the issues raised on appeal or in the application for further review." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). In exercising this discretion, we choose only to review the substantial evidence issue. Accordingly, the court of appeals decision will be the final decision on the issues concerning the disability benefits and any credit due Gits.

## III. Scope of Review.

The Iowa Administrative Procedure Act requires the district court to review agency action when a party invokes the district court's jurisdiction. *IBP, Inc. v. Harpole*, 621 N.W.2d 410, 414 (Iowa 2001) (citing Iowa Code § 17A.19(8) (1999)). When an appellate court reviews a district court decision that reviewed an agency action, the appellate court's task is to determine if it would reach the same result as the district court in applying the Act. *City of Des Moines v. Emp't Appeal Bd.*, 722 N.W.2d 183, 189–90 (Iowa 2006).

When the district court reviews an agency action, it may reverse or modify an agency's decision if the agency's decision is erroneous under a section of the Act and a party's substantial rights have been prejudiced. Iowa Code § 17A.19(10) (2011). When dealing with the issue of whether substantial evidence supports the agency's findings, the district court and the appellate court can only grant relief to a party from the agency's decision if a determination of fact by the agency "is not supported by substantial evidence in the record before the court when that record is viewed as a whole." *Id.* § 17A.19(10)(*f*). Substantial evidence supports

an agency's decision even if the interpretation of the evidence may be open to a fair difference of opinion. *Arndt v. City of Le Claire*, 728 N.W.2d 389, 393 (Iowa 2007). Accordingly, the district court and the appellate court should not consider the evidence insubstantial merely because the court may draw different conclusions from the record. *Id.*

## IV. Analysis.

The court of appeals reversed the district court by discrediting the evidence that Frank had no reasonable prospect of steady employment in the competitive labor market. The commission found credible the evidence tending to prove Frank had no such prospect of employment. We have previously announced the legal analysis a district court or appellate court should use when reviewing an agency decision for substantial evidence when the credibility of the evidence is involved. *Arndt*, 728 N.W.2d at 394–95. There we said in

> [m]aking a determination as to whether evidence "trumps" other evidence or whether one piece of evidence is "qualitatively weaker" than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision. It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue. The reviewing court only determines whether substantial evidence supports a finding "*according to those witnesses whom the [commissioner] believed.*"

*Id.* (citations omitted).

We agree with the district court that under the legal analysis of *Arndt*, substantial evidence supports the commission's finding Frank is totally and permanently disabled. At the time of the arbitration hearing, Frank was fifty-four years old and had completed her education through the twelfth grade. The parties stipulated Frank sustained a work-related injury on February 1, 2006. Frank began working at Gits in July 1997.

During her time at Gits, Frank worked as a spot welder and an assembly line worker. In 2006, Dr. Joel Kline diagnosed Frank with chronic constrictive bronchiolitis causing shortness of breath or pulmonary dysfunction after Frank began experiencing respiratory problems in 2002. Dr. Kline placed Frank on medical leave and directed her to stop working at Gits on February 1. Frank has not been employed outside the home since February 1 and has not looked for work since that time. Dr. Kline opined Frank reached maximum medical improvement as to her pulmonary injury on March 23, 2009.

The commission based its decision on the odd-lot doctrine. The odd-lot doctrine allows the commission to find an employee has suffered a total disability if the worker can only perform work "so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist." *Guyton v. Irving Jensen Co.,* 373 N.W.2d 101, 105 (Iowa 1985) (internal quotation marks omitted).

We explained the doctrine in *Guyton* as follows:

> [W]hen a worker makes a prima facie case of total disability by producing substantial evidence that the worker is not employable *in the competitive labor market,* the burden to produce evidence of suitable employment shifts to the employer. If the employer fails to produce such evidence and the trier of fact finds the worker does fall in the odd-lot category, the worker is entitled to a finding of total disability.

*Id.* at 106 (emphasis added). We further explained the doctrine as asking the question—"Are there jobs in the community that the employee can do for which the employee can realistically compete?" *Second Injury Fund of Iowa v. Shank,* 516 N.W.2d 808, 815 (Iowa 1994). To establish a total disability, "an employee need not look for a position outside the employee's competitive labor market." *Neal v. Annett Holdings, Inc.,* 814 N.W.2d 512, 524 (Iowa 2012) (internal quotation marks omitted).

The evidence supporting the commission's finding includes Dr. Kline's opinion Frank "has a 26%-50% impairment to the body as a whole as a result of her abnormal lung condition." Dr. Kline further opined,

> Frank is unable to work in environments that contain smoke, dust, fumes or vapors, and her lung function has been severely and permanently impaired resulting in approximately 50% loss of breathing function which prevents her from performing any strenuous work.

The lay testimony, which the commission found credible, supporting the commission's decision consisted of Frank's and her spouse's testimony that she has good days and bad days. The commission could find on this record that on her "good days," Frank is able to do things around the house such as housekeeping, tend her goats, garden, go for ten to fifteen minute walks, and mow the lawn. On a bad day, Frank has little energy or stamina and can hardly get off the couch. Frank testified she has one or two bad days a week and on those days, she would be unable to work a full eight-hour day. Frank also testified she uses an inhaler on a daily basis when things such as walking or going up and down stairs cause her to have problems breathing.

Frank testified she has not sought work since leaving Gits in 2006. The commission took this fact in consideration when making its credibility finding by noting Frank did not appear motivated to return to work, likely due to the money she receives from long-term disability, workers' compensation, and social security disability. Frank acknowledged that if she received training she could probably work in a clerical or receptionist position on her good days, but that she would need accommodations from any employer due to the number of days she

would likely be absent from her job. Frank testified she did not believe she would be able to work in an office with her injury.

We have stated "[i]t is a fundamental requirement that the commissioner consider all evidence, both medical and nonmedical. Lay witness testimony is both relevant and material upon the cause and extent of injury." *Miller v. Lauridsen Foods, Inc.*, 525 N.W.2d 417, 421 (Iowa 1994). Expert medical opinion can be strengthened by lay witness testimony and this court has "considered lay witness testimony in determining an employee's disability and functional impairment." *Id.* The commission made appropriate credibility findings when it found Frank established a prima facie case of total disability based on the lay testimony it found credible together with Dr. Kline's medical opinions.

The burden then shifted to Gits to prove availability of suitable employment. Gits presented expert evidence from Susan McBroom, a rehabilitation counselor and licensed mental health counselor, who performed a vocational assessment on Frank. McBroom determined given Frank's medical restrictions and skills, Frank could consider jobs in an office environment that are sedentary in nature. Frank testified she cannot type with both hands and does not currently have the skills required to work in an office position. McBroom opined Frank would need additional training, such as typing and software classes, before an employer would consider her for a clerical position.

In weighing McBroom's testimony, the commission found McBroom's testimony and opinions relied heavily upon the premise that Frank could be retrained with the skills necessary to work in an office position. The commission further found Gits failed to present evidence that, taking into consideration age and medical condition, Frank could

complete the necessary classes for her to obtain a clerical position. The commission stated:

> Working around one's home, setting one's own schedule, and determining one's own fitness for tasks is quite different than working a full-time schedule as an employee of some business. While [Frank] has shown ability to undertake some tasks around her house and take care of her goats, this does not indicate that [Frank] could work outside of her home on a regular basis.

Although a different finder of fact may have come to a different conclusion under this record, we find substantial evidence supports the commission's findings Frank is totally and permanently disabled.

### V. Conclusion and Disposition.

We vacate that part of the court of appeals decision finding substantial evidence did not support the commission's findings that Frank is totally and permanently disabled. We affirm that part of the court of appeals decision regarding the issues concerning the disability benefits and any credit due Gits. Consequently, we affirm the judgment of the district court finding substantial evidence supported the commission's findings that Frank is totally and permanently disabled. We reverse the district court's judgment regarding the issues concerning the disability benefits and any credit due Gits. Therefore, we remand the case to the district court to enter a judgment affirming the decision of the workers' compensation commission's decision.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED.**