**IN THE COURT OF APPEALS OF IOWA**

No. 14-1100
Filed June 10, 2015

**H.J. HEATING & COOLING and**
**FIRST COMP INSURANCE,**
      Petitioners-Appellants,

**vs.**

**MARK DAHLEN,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza Ovrom, Judge.

An employer and its insurer appeal from the district court's ruling on judicial review upholding the workers' compensation commissioner's award of permanent total disability benefits.  **AFFIRMED.**

Marc N. Middleton of Adelson, Testan, Brundo, Novell & Jimenez, Omaha, Nebraska, for appellants.

Emily Anderson of RSH Legal, P.C., Cedar Rapids, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

An employer and its insurer appeal from the district court's ruling on judicial review upholding the workers' compensation commissioner's award of permanent total disability benefits. Because we agree with the district court that the commissioner's findings are supported by substantial evidence, we affirm.

## I. Background Facts and Proceedings.

Mark Dahlen sought workers' compensation benefits from H.J. Heating and Cooling, alleging he suffered an electrical shock while trying to fix an air conditioner on July 29, 2009, resulting in an injury to his back. The employer and its insurer (collectively H.J. Heating), after first paying healing period and medical benefits, denied any such electrical shock occurred and further denied Dahlen suffered any injury while in the course and scope of his employment. At the arbitration hearing, H.J. Heating offered expert witness testimony from a master electrician, Richard Chambers, who opined no shock could have occurred because the air conditioning unit was grounded. In a June 11, 2013 arbitration ruling, the deputy commissioner found:

> While outside walking through tall wet grass/plants [Dahlen] reached down to the unit and was shocked upon touching metal. The shock caused him to fall and break a window well cover. [Dahlen] went into the house to let the homeowner know of the situation. [Dahlen] told the homeowner that his arm was numb. The homeowner observed that [Dahlen] was in pain, limping, and that he appeared disoriented. [Dahlen] then went and shut off the circuit breaker to the air-conditioner, a fact noticed by the next technician. [Dahlen] went to the emergency room and reported that he had been electrocuted. When [Dahlen] went to see Arnold Delbridge, M.D., the day after, he reported that he had been electrocuted the day before. Dr. Delbridge noted cuts and abrasions on [Dahlen]'s left leg and knee consistent with the reported fall through the window well cover.

(Exhibit citations omitted.) The deputy found, "As a result of the injury on July 29, 2009, [Dahlen] permanently aggravated a pre-existing back condition" and further determined he was totally and permanently disabled. On intra-agency appeal, the commissioner affirmed the arbitration decision and adopted the findings as the agency's final decision. H.J. Heating sought judicial review, and on June 5, 2014, the district court issued its ruling finding substantial evidence existed to support the commissioner's findings.

On appeal, H.J. Heating argues that according to its expert, Richard Chambers, it was not possible for Dahlen to be shocked by the air conditioning unit; the rejection of its uncontroverted expert's testimony was unreasonable; and the agency's determination that Dahlen was totally and permanently disabled as a result of a work-related injury was not supported by substantial evidence.

## II. Scope and Standard of Review.

Our review is governed by Iowa Code chapter 17A (2013). *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). Under chapter 17A, the district court acts in an appellate capacity to correct errors of law. *Id.* In reviewing the district court's decision, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court. *Id.* at 889. If we do, we affirm; if not, we reverse. *Id.* In reviewing agency action, the district court may only reverse or modify if the agency's decision is erroneous under one of the provisions set forth in Iowa Code section 17A.19(10) and a party's substantial rights have been prejudiced. *Gits Mfg. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014).

We review the agency's factual findings for substantial evidence. *See* Iowa Code § 17A.19(10)(f). "When dealing with the issue of whether substantial evidence supports the agency's findings, the district court and the appellate court can only grant relief to a party from the agency's decision if a determination of fact by the agency 'is not supported by substantial evidence in the record before the court when that record is viewed as a whole.'" *Gits Mfg.*, 855 N.W.2d at 197 (quoting Iowa Code § 17A.19(10)(f)). "[T]he district court and the appellate court should not consider the evidence insubstantial merely because the court may draw different conclusions from the record." *Id.*

If the claim of error lies with the ultimate conclusion reached, then the challenge is to the agency's application of the law to the facts, and we must determine if the conclusion is "irrational, illogical, or wholly unjustifiable." Iowa Code § 17A.19(10)(m); *see Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006) ("[T]he question on review is whether the agency abused its discretion by, for example, employing wholly irrational reasoning or ignoring important and relevant evidence.").

**III. Discussion.**

*A. Rejection of expert opinion.* H.J. Heating complains the agency erroneously ignored its expert's opinion. The commissioner, adopting the deputy's findings, rejected Chambers' opinion that no electrocution was possible, noting four reasons his testimony was "highly suspect": (1) his inspection was conducted three years after the fact; (2) a new furnace had been installed since the date of injury; (3) an addition had been put on the house with additional lighting necessitating changes to the breaker box; and (4) he did not talk to any

of the workers who worked on the electrical system to see what alterations they made. "[T]he commissioner, as fact finder, is responsible for determining the weight to be given expert testimony." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 850 (Iowa 2011). "The commissioner is free to accept or reject an expert's opinion in whole or in part, particularly when relying on a conflicting expert opinion." *Id.* Here, cogent reasons were offered to reject the employer's expert's opinion.

*B. Substantial evidence supports the agency's findings.* The commissioner determined Dahlen was permanently and totally disabled due to being electrocuted while in the course and scope of his employment. The finding of work-related injury is supported by substantial evidence in the record, which the district court summarized as follows:

> Dahlen's testimony that he was shocked when he touched the air conditioning unit, and evidence that he told the homeowner, the emergency room physician, and Dr. Delbridge that he was shocked; Dahlen's testimony that he turned off the circuit breaker to the air conditioning unit, the evidence that the breaker was turned off when another technician came to the house, and evidence that the homeowner was not the person who turned off the breaker; Dahlen's testimony that he hurt his leg, possibly from stepping or falling into a window well following the shock, evidence that Dr. Delbridge saw Dahlen's leg injury, and evidence that the homeowner saw the newly broken window well cover after the accident; and finally, Dahlen's long-time treating physician opined that Dahlen was in more pain and his condition worsened following the July 29, 2009 injury, and that he continues to treat Dahlen due to the injury.

(Exhibit citation omitted.) As for the finding of total disability, Dr. Delbridge opined he was not optimistic about Dahlen's ability to return to work, and vocational expert Kent Jayne opined Dahlen was "no longer capable of gainful

employment."  Because we agree with the district court, we affirm without further opinion.

**AFFIRMED.**