# IN THE COURT OF APPEALS OF IOWA

No. 14-1584
Filed July 22, 2015

**DEBORAH A. McHOSE,**
        Petitioner-Appellee,

**vs.**

**PROPERTY ASSESSMENT APPEAL BOARD,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


        The Property Assessment Appeal Board appeals from the district court's reversal of its appeal decision, affirming the board of review's modified property assessment. **REVERSED.**


        Jessica Braunschweig-Norris and Brad Hopkins of Iowa Property Assessment Appeal Board, Des Moines, for appellant.

        Thomas G. Ross of Thomas G. Ross Law Office, Des Moines, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

The Property Assessment Appeal Board (PAAB) appeals from the district court's reversal of its appeal decision on judicial review, which affirmed the board of review's modified property assessment. The district court erred in concluding substantial evidence did not support the PAAP's ruling; we therefore reverse.

**I. Background Facts and Proceedings.**

Deborah McHose protested her property's 2013 assessment in the amount of $106,800 to the Polk County Board of Review, claiming it was assessed for more than authorized by law under Iowa Code section 441.37(1)(a)(2) (2013). The board of review granted the protest in part, reducing the total assessment to $103,000.

McHose then appealed to the PAAB, asserting the value of her condominium was $71,900—the 2013 purchase price of the unit. At the contested-case hearing, McHose—a Coldwell Banker realtor—testified she purchased the unit for $71,900 cash, closing on January 6, 2013. The property was originally listed in May 2011 for $125,900. On December 27, 2012, approximately ten days before McHose entered into the purchase agreement, the subject property was listed for $110,900. This listing price was in excess of the most recent sales of identically sized properties that ranged from $103,000 to $106,000. McHose was the appointed agent at the time of purchase and paid cash for the property. There was no appraisal completed at the time of the transaction. McHose, because she was a tenant in the same building, testified she was aware of the interiors of some of the other condominiums. McHose

reported that during the listing period seven other condominiums in the building came on the market and sold.

McHose stated the unit at issue had a stale odor, needed painting, had worn carpets, the tile flooring need to be replaced, the master toilet did not work, and there was no hot water service at the master sink. She opined the layout and kitchen were functionally obsolete. She also reported electrical fixtures needed to be brought up to code. McHose testified she spent approximately $20,000 to complete repairs, upgrade the electrical, and replace the kitchen. McHose believed the property's purchase price was the most appropriate indication of its fair market value. She presented no other evidence of the property's market value.

Deputy Assessor Jim Willet testified for the board of review. Willet noted the multiple listing service stated the unit was in "very good condition." The property record card lists the subject property's condition as "Normal." Willet also noted ten condominiums in the same complex sold between 2011 and early January 2013. Of these sales, Units 6A, 3A, and 1D were the exact same age, square footage, and condition as the subject property and sold for prices ranging from $103,000 to $106,000 between June 2012 and January 2013. He also stated the square footage range for these units was from $93.64 to $90.99. Willett testified the assessor used $90.00 per square foot to assess McHose's property at $103,000.

The PAAB determined the sales price alone was not determinative of the subject property's assessed value as of January 1, 2013. The PAAB found three comparable properties sold for significantly more near the same time period and

suggested that McHose's purchase price may not accurately reflect the property's fair market value. PAAB affirmed the amended assessment.

McHose sought judicial review in the district court. The district court reversed the PAAB and remanded with directions to set the assessed value at $71,900. The PAAB now appeals.

## II. Assessment review.

"Any property owner or aggrieved taxpayer who is dissatisfied with the owner's or taxpayer's assessment may file a protest against such assessment with the board of review . . . ." Iowa Code § 441.37(1)(a). Appeals from the action of the board of review may be taken to *either* the PAAB or the district court. *Id.* § 441.37A. PAAB, a statewide board, was "created for the purpose of establishing a consistent, fair, and equitable assessment appeal process." *Id.* § 421.1A (1).

## III. Standard of Review

Tax appeals taken to a district court following a decision of a board of review are tried de novo. *See id.* § 441.39. Our review of such cases is de novo. Iowa R. App. P. 6.907; *Campiano v. Bd. of Review*, 771 N.W.2d 392, 395 (Iowa 2009). However, the district court's and our review in the instant appeal is *not* de novo.

Unlike a tax appeal from a board of review, the decision of the PAAB "shall be considered final agency action for purposes of further appeal." Iowa Code § 441.37A(3)(b). "A person or party aggrieved or adversely affected by a decision of the [PAAB] may seek judicial review of the decision as provided by chapter 17A and section 441.38." *Id.* § 441.38B. The district court considering a

petition for judicial review acts in an appellate capacity and may reverse or modify an agency's decision if the agency's decision is erroneous under a section of the Act and a party's substantial rights have been prejudiced. *See id.* § 17A.19(10) (2013).

"When dealing with the issue of whether substantial evidence supports the agency's findings, the district court and the appellate court can only grant relief to a party from the agency's decision if a determination of fact by the agency 'is not supported by substantial evidence in the record before the court when that record is viewed as a whole.'" *Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014) (quoting Iowa Code § 17A.19(10)(f)). Substantial evidence supports an agency's decision even if the interpretation of the evidence may be open to a fair difference of opinion. "Just because the interpretation of the evidence is open to a fair difference of opinion does not mean the [agency's] decision is not supported by substantial evidence. An appellate court should not consider evidence insubstantial merely because the court may draw different conclusions from the record." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 393 (Iowa 2007). When we review a district court decision that reviewed an agency action, our task is to determine if it would reach the same result as the district court in applying the Act. *Gits Mfg.*, 855 N.W.2d at 197. If we reach the same result, we affirm; if not, we reverse. *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014).

**IV. Discussion**

In reversing the PAAB, the district court wrote, "[W]hile comparable sales may be utilized[,] the court finds when the whole record is viewed the more persuasive measure of the fair market value of McHose's unit is the sales price."

The district court also found certain evidence "less convincing" than did the PAAB. This constitutes an improper reweighing of the evidence. *See Arndt*, 728 N.W.2d at 394.

"Making a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence is not an assessment for the district court . . . to make when it conducts a substantial evidence review of an agency decision." *Id.* The PAAB's decision is supported by the testimony of Deputy Assessor Willet and the comparable sales he noted. Consequently, there is substantial evidence to support the decision of the PAAB, and the district court erred in concluding otherwise.

We reverse the district court; the appeal decision of the PAAB is affirmed.

**REVERSED.**