# IN THE SUPREME COURT OF IOWA

No. 14–2042

Filed December 4, 2015

**STATE OF IOWA,**

Appellee,

vs.

**CHANSEY JORDALE LEWIS,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Pottawattamie County, Timothy O'Grady, Judge.

Defendant seeks further review of the court of appeals decision affirming the judgment and sentence following his guilty plea to delivery of a controlled substance. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED AND CASE REMANDED WITH INSTRUCTIONS.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Linda J. Hines, Assistant Attorneys General, Matthew Wilber, County Attorney, and Amy Zacharias, Assistant County Attorney, for appellee.

**PER CURIAM.**

When we accept a case on further review, " 'we have the discretion to review all or some of the issues' " an appellant raises on appeal or in his or her application for further review. *Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014) (quoting *State v. Clay,* 824 N.W.2d 488, 494 (Iowa 2012)). In exercising our discretion, we choose only to review Chansey Jordale Lewis's claims his counsel was ineffective in allowing him to waive the use of a presentence investigation report at sentencing and in failing to present evidence in support of his sentencing request. Thus, the court of appeals decision will be the final decision on Lewis's challenge to the district court's failure to order a presentence investigation report prior to the imposition of his sentence.

On our review of the record, we find the record is inadequate to decide Lewis's ineffective-assistance-of-counsel claims on direct appeal. *See State v. Straw*, 709 N.W.2d 128, 133, 138 (Iowa 2006). Accordingly, we vacate that part of the court of appeals decision deciding Lewis's ineffective-assistance claims and allow him to make those claims in a future postconviction relief action.

Therefore, we affirm the judgment of the district court but remand the case for entry of an order requiring that a presentence investigation report be filed in the district court.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED AND CASE REMANDED WITH INSTRUCTIONS.**

This opinion shall not be published.