BOWER, Judge.
Dish Network Corporation and Gallagher Bassett Services, Inc. (Dish Network) appeal the district court ruling reversing a decision of the Iowa workers' compensation commissioner. We find the decision of the commissioner was based on substantial evidence and was not irrational, illogical, or wholly unreasonable. We reverse the district court.
I. Background Facts and Proceedings
On July 26, 2009, a drunk driver crossed the centerline and hit Borkovec's vehicle head-on. The crash resulted in significant work-related injuries to Borkovec and killed the other driver's son. Borkovec's right femur, patella of his right knee, and right heel bone were fractured ; he suffered contusions to his chest, broken ribs, and nerve damage in his right knee and foot. During his hospitalization, Borkovec suffered from pneumonia, dehydration, anxiety, and an episode of hypoxia.[1] Borkovec was later found to have an altered mental status. Borkovec underwent several surgeries, intensive therapy, and continuing treatment for pain.
On November 7, 2011, Dr. Douglas Martin found Borkovec was at maximum medical improvement (MMI) for his physical injuries. Dr. Martin found Borkovec had a whole person impairment of thirty-four percent of the body resulting from a work injury. Borkovec was restricted to sedentary work. Dr. Martin noted Borkovec had some addiction issues with opioid medication and recommended a plan be implemented to use less addictive medication. At follow-up appointments, Dr. Martin reiterated his findings. Dr. Martin clearly indicated Borkovec was not abusing the opioids but was adamant Borkovec was addicted to them. In 2014, in response to an inquiry from Dish Network, Dr. Martin indicated chronic opioid use can create a hyperalgesic effect, which causes the patient to become overly sensitive to pain otherwise reduced by the use of opioids.
In July 2013, Borkovec was examined by Dr. Daniel Tranel. Dr. Tranel noted Borkovec had slow speech and thought processes along with impaired judgment and insight. However, Dr. Tranel rejected the testing after concluding Borkovec was intentionally exaggerating his deficiencies. Dr. Tranel did find some limitations but, due to the unreliable results of the tests, could not conclusively state the level of deficiency nor the cause, though he stated the hypoxic episode could be a cause. Dr. Tranel also noted Borkovec's use of opioids and recommended a comprehensive pain management program. Borkovec was rejected by both the University of Iowa Hospitals and Clinics and Nebraska Medical Center pain management programs.
On August 18, 2014, Borkovec was examined by Dr. John Kuhnlein. Dr. Kuhnlein causally related many of Borkovec's conditions to the work-related accident, including Borkovec's memory and cognitive issues. Dr. Kuhnlein found Borkovec was at MMI for his physical injuries but not at MMI for his opioid addiction. Dr. Kuhnlein found Borkovec to be thirty-one percent impaired. Dr. Kuhnlein provided restrictions, including not lifting more than ten pounds, sitting and standing only occasionally, rarely walking, and not driving. Dr. Kuhnlein also stated, "the way that Mr. Borkovec presents himself would produce significant barriers for him to go back to work, and it is unlikely that an employer would hire Mr. Borkovec given the way that he presents himself." Dr. Kuhnlein also recommended Borkovec attend a comprehensive pain management program and stated Borkovec "has not yet reached [MMI] for the opioid addiction. In the strongest terms, he needs to be taken off of these medications if at all possible."
The dispute was heard by a deputy workers' compensation commissioner. The deputy found the injuries to Borkovec's right foot, leg, knee, right arm, shoulders, chest, back, and ribs were work related. The deputy also found the pneumonia, hypoxic episode mood disorders, posttraumatic stress disorder, and opioid dependency were work-related. The deputy found Borkovec's cognitive issues, headaches, hypertension, and sinus problems were unrelated to the work injury. The deputy also found Borkovec was permanently and totally disabled and an odd-lot worker based on his physical injuries but had not achieved MMI for his mental conditions or his opioid addiction. The deputy set the workers' compensation rate at $427.41 per week.
Dish Network appealed. The commissioner affirmed the deputy's causation and rate findings.[2] However, the commissioner reversed the deputy's finding on permanent and total disability. She cited Borkovec's opioid addiction, which she agreed was not at MMI, as the basis for her reversal. The commissioner found Borkovec's opioid addiction could be treated, which would likely significantly improve his functional capacity.
Borkovec appealed to the district court. The district court held treatment of Borkovec's opioid addiction would not significantly increase his physical functioning and ability to return to work, and therefore, the commissioner's decision should be reversed. Dish Network now appeals.
II. Standard of Review
We review the district court to determine if we would reach the same decision. Gits Mfg. Co. v. Frank , 855 N.W.2d 195, 197 (Iowa 2014). "If we reach the same conclusions, we affirm; otherwise we may reverse." Mike Brooks, Inc. v. House , 843 N.W.2d 885, 889 (Iowa 2014).
The commissioner has been vested with the discretion to make determinations of fact. Id. We are bound by the factual determinations of the commissioner as long as the determination is "supported by substantial evidence in the record before the court when the record is viewed as a whole." Iowa Code § 17A.19 (10(f) ) Evidence is substantial when the "quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Id .
The commissioner has also been vested with the authority to apply the law to the facts. Drake Univ. v. Davis , 769 N.W.2d 176, 183 (Iowa 2009). An appellate court may reverse the agency's decision if it is found to be "The product of reasoning that is so illogical as to render it wholly irrational." Iowa Code § 17A.19(10)(i). The court may also reverse if the agency's decision is "Based upon an irrational, illogical, or wholly unjustifiable interpretation of a provision of law. ..." Id. § 17A.19(10)(m). "A decision is 'irrational' when it is 'not governed by or according to reason.' A decision is 'illogical' when it is 'contrary to or devoid of logic.' A decision is 'unjustifiable' when it has no foundation in fact or reason." Sherwin-Williams Co. v. Iowa Dep't of Revenue , 789 N.W.2d 417, 432 (Iowa 2010) (citations omitted).
III. Determination of Permanency
An injured worker is awarded healing period compensation preceding the award of permanent partial disability benefits. Iowa Code § 85.34(1). The healing period ends when the employee returns to work or "it is medically indicated that significant improvement from the injury is not anticipated or until the employee is medically capable of returning to [substantially similar] employment...." Id. However, permanency cannot be decided "until the claimant's disability has stabilized, i.e., when 'it is medically indicated that significant improvement from the injury is not anticipated.' " Broadlawns Med. Ctr. v. Sanders , 792 N.W.2d 302, 307 (Iowa 2010) (citations omitted).
Dish Network claims the district court erred by finding Pals' application of law to facts was "irrational, illogical, and wholly unjustifiable based on the relevant evidence."
The district court held:
The multiple physicians' opinions that [Borkovec] might have a better quality of life after his opioid dependency is improved does not change the fact that the overwhelming evidence suggests that his physical conditions-which, again, both [the deputy] and [the commissioner] found were at MMI-are permanent and are not anticipated to show significant improvement. ...
[The commissioner] concluded that permanent benefits could not be awarded until all of [Borkovec's] conditions had reached MMI.
Borkovec agrees with the district court's holding. He claims he is so disabled by his physical injuries that the increase in his functional ability gained by bringing his opioid addiction to MMI would not significantly improve his ability to work.
The commissioner's decision found "At least two medical experts have indicated that additional treatment for [Borkovec's] [opioid] dependency should result in improved functional capacity and significant improvement. Furthermore, Dr. Kuhnlein has indicated that many of the restrictions he placed on [Borkovec] were due to the significant narcotic medications." The commissioner found the medical experts to be credible and noted their opinions, if true, indicated Borkovec could expect significant improvement in cognitive function, decrease in his chronic pain, and improvement in his physical function.
Many of the restrictions placed on Borkovec by Dr. Kuhnlein were a result of the opioids. While the district court is correct in pointing out that even if Borkovec was not on opioids his physical disabilities would prevent him from working on ladders, the same is not true for sitting and driving. The opinions of medical experts indicated Borkovec's ability to remain seated for longer periods of time would improve significantly if Borkovec reduced his use of opioids and participated in a pain management program. Similarly, Borkovec's driving restriction is in place only because of the opioids. If Borkovec significantly improved his ability to sit for long periods of time and was able to drive, his ability to be employed would be greatly improved.
We find the commissioner's findings of fact were based on substantial evidence and are therefore bound by them. See Mike Brooks, Inc. , 843 N.W.2d at 889. We also find the commissioner's decision rationally applied the law to the facts. We disagree with the district court's conclusion, and therefore, we reverse. See id.
REVERSED AND REMANDED.
Vaitheswaran, J., concurs; Danilson, C.J., concurs specially.
With some reluctance, I concur. However, I write separately to state if Borkovec makes a good faith effort to overcome his opioid addiction through a pain-management program as offered by Dish Network, the healing period should end and his physical conditions should be at maximum medical improvement. Borkovec should not be held hostage endlessly on some slight glimmer of hope he may be employable with very substantial work restrictions in the future.

Hypoxia is a deficiency in the amount of oxygen reaching the tissues of the body.

The Iowa workers' compensation commissioner delegated authority to issue the final agency action to Deputy Workers' Compensation Commissioner Erin Pals. We will refer to this as the commissioner's decision.