## IN THE COURT OF APPEALS OF IOWA

No. 19-0576
Filed January 23, 2020

**JOSEPH LEWIS,**
        Plaintiff-Appellant,

**vs.**

**WINDSOR WINDOWS & DOORS and TWIN CITY FIRE INSURANCE COMPANY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


        Joseph Lewis appeals the district court's ruling on judicial review affirming the decision of the workers' compensation commissioner.  **AFFIRMED.**



        Richard R. Schmidt of Mueller, Berg, & Schmidt, PLLC, Des Moines, for appellant.

        Stephen W. Spencer and Christopher S. Spencer of Peddicord Wharton, LLP, West Des Moines, for appellees.


        Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

Joseph Lewis filed a workers' compensation petition seeking compensation for an injury he claimed to have sustained while employed by Windsor Windows & Doors. Following an evidentiary hearing, a deputy workers' compensation commissioner filed an arbitration decision denying the claim. The deputy found that Lewis lacked credibility and concluded he failed to satisfy his burden of proving "he sustained an injury arising out of and in the course of his employment with Windsor." *See* Iowa Code § 85.3(1) (2018).

On intra-agency appeal, the workers' compensation commissioner affirmed the arbitration decision in its entirety. The commissioner made specific reference to the deputy commissioner's credibility determinations:

> While I performed a de novo review, I give considerable deference to findings of fact which are impacted by the credibility findings, expressly or impliedly made, regarding claimant by the deputy commissioner who presided at the arbitration hearing. I find the deputy commissioner correctly assessed claimant's credibility. I find nothing in the record in this matter which would cause me to reverse the deputy commissioner's finding that claimant was not credible.

Lewis sought judicial review. The district court affirmed the final agency decision.

On appeal, Lewis contends the commissioner's fact findings are not supported by substantial evidence. *See id.* § 17A.19(10)(f) (authorizing review to determine whether agency action is "[b]ased upon a determination of fact clearly vested by a provision of law in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole"); (f)(1) (defining "substantial evidence" as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable

person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance"). In his view, "the district court on judicial review failed to analyze the . . . commissioner's decision as a whole and overlooked inconsistenc[ies] in the arbitration decision."

> The phrase "[w]hen that record is viewed as a whole" means:
>
> [T]he adequacy of the evidence in the record before the court to support a particular finding of fact must be judged in light of all the relevant evidence in the record cited by any party that detracts from that finding as well as all of the relevant evidence in the record cited by any party that supports it, *including any determinations of veracity by the presiding officer who personally observed the demeanor of the witnesses* and the agency's explanation of why the relevant evidence in the record supports its material findings of fact.

Iowa Code § 17A.19(10)(f)(3) (emphasis added). As noted, the deputy commissioner made detailed credibility findings, which were granted deference by the commissioner. We, too, defer to those credibility findings. *See id.*; *Broadlawns Med. Ctr. v. Sanders*, 792 N.W.2d 302, 306 (Iowa 2010).

We recognize the commissioner could have found Lewis credible rather than incredible based on Lewis' testimony and independent evidence supporting a key portion of his testimony. That evidence is as follows.

Lewis described the nature of his primary job in the parts fabrication department and stated he had no problem performing that job. His injury arose when he was asked to fill in on a newly built paint line. He testified to feeling "stress in [his] back and neck" when he worked on this line. He told his manager he could not perform the job. The manager, in turn, advised him to speak to a human resources manager. According to Lewis, the human resources employee "told me

specifically, I'm going to talk to your managers and I'll make sure that you're not sent over there again because we don't want to see you hurt. We don't want to get you hurt." Lewis testified that his manager nonetheless instructed him to continue his work on the paint line. He fell while working on the line and pain "shot up [his] arm through [his] shoulder blades" and "down [his] back and up [his] neck." The human resources manager came to the site and helped pick him up. According to Lewis, she "was angry" and "hollering at [his manager], asking him why did he send me over there when she just told him that she didn't want [him] over there working that job."

The human resources manager essentially corroborated these interactions with Lewis. In a narrative placed in his personnel file, she stated:

> Joseph Lewis was assisting on the Powder Coat Paint Line April 14 —April 22, 2014. After working one week in the area, he came to HR stating that he has prior back and shoulder issues and should not be doing this type of work—repetitive lifting of aluminum pieces with a partner. Joseph never gave any details regarding any back/health issues nor did he advise the employer of any previous permanent restrictions for work here at Windsor. I told him the next time he was asked to assist to refuse and state why and/or come to HR and I would address it with the manager—thinking staffing would be sufficient and Joseph would not be asked to help again.

She also confirmed attending to Lewis at the time of the injury.

Although the cited evidence could be found to detract from the deputy commissioner's adverse credibility finding, our job is not to weigh the evidence but to "only determine[] whether substantial evidence supports a finding '*according to those witnesses whom the [commissioner] believed.*'" *Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 198 (Iowa 2014) (quoting *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007)).

The witnesses believed by the commissioner provided a wealth of information about the incident and the injury. Past and present employees testified to the paint-line job and Lewis' fall; large numbers of medical records were admitted; and the commissioner considered a video reenactment of the incident offered by both sides. No useful purpose would be served by summarizing the evidence. Suffice it to say the commissioner's decision was "sufficiently detailed to show the path . . . taken through conflicting evidence." *Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 560 (Iowa 2010) (quoting *Terwilliger v. Snap-On Tools Corp.*, 529 N.W.2d 267, 274 (Iowa 1995)). The record as a whole contained substantial evidence to support the commissioner's fact findings and determination that the injury did not arise out of and in the course of Lewis' employment.

**AFFIRMED.**