# IN THE COURT OF APPEALS OF IOWA

No. 19-0703
Filed March 18, 2020

**MARK DITSWORTH,**
        Plaintiff-Appellant,

**vs.**

**ICON AG and FEDERATED INSURANCE,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Woodbury County, Jeffrey L.

Poulson, Judge.


        A plaintiff appeals from a district court order affirming the Iowa Workers'

Compensation Commission's award of disability benefits.  **AFFIRMED.**




        Al Sturgeon and Ron Pohlman, Sioux City, for appellant.

        Brian L. Yung of Klass Law Firm, L.L.P., Sioux City, for appellee.




        Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MULLINS, Judge.**

Mark Ditsworth appeals a district court order affirming the Iowa Workers' Compensation Commissioner's award of benefits. Ditsworth argues the commissioner inappropriately considered a settlement reached on a prior injury in reducing his benefits award.

## I. Background Facts and Proceedings

In November 2010, Ditsworth became an employee of ICON Ag (ICON), a farm equipment sales and repair shop. He worked as a set up and reconditioning technician, which required an ability to lift a minimum of seventy-five pounds. Ditsworth's back injury occurred while working on April 29, 2013. Ditsworth underwent a corrective microdiscectomy and was returned to full-duty work on April 7, 2014. He was assigned a ten percent permanent impairment. Ditsworth continued to feel pain and sought medical intervention. An MRI revealed recurrent disk herniation, but Ditsworth refused another surgery in the summer of 2014. Ditsworth and Nationwide, ICON's insurer in 2013, began discussions to settle the claim pursuant to Iowa Code section 85.35(3) (2015).[1]

Ditsworth had a second incident at work on October 10, 2014. He immediately suffered pain in his back more severe than experienced in April 2013. Ditsworth returned to his surgeon for examination and underwent an independent medical examination (IME). The surgeon and IME physician both reported a diagnosis based upon the subsequent injury in October 2014, not continuing or worsening symptoms from 2013. Ditsworth then underwent a second IME with

---

[1] References in this opinion to Iowa Code chapter 85 are to the version of the code in force when the claim for benefits was filed with the commissioner, 2015.

ICON's 2014 insurer, Federated Insurance.  The second IME resulted in a finding the recent symptoms were merely a "'manifestation' of a preexisting condition." Ditsworth's pain and treatment has continued since that time, and he underwent a second surgery in 2015.

The claims were consolidated and set for hearing.  Ditsworth and Nationwide settled the 2013 claim prior to hearing, though final commissioner approval appears to have occurred after the 2017 arbitration hearing but before the deputy commissioner's decision in the claim insured by Federated Insurance. The hearing resulted in an order for ICON to pay 250 "weeks of permanent partial disability" to Ditsworth, among other things, based on application of an apportionment calculation used when successive injuries result from work for different employers.  ICON appealed the decision to the commissioner.  On appeal, the commissioner found the application of that rule was inappropriate because both injuries occurred while Ditsworth was employed by ICON.  The commissioner instead apportioned the award based on the following calculation and gave ICON a credit for all benefits already paid at the time of the order:

> [T]he deputy found claimant had 20 percent industrial disability from the April 29, 2013, work injury. . . .  The appeal decision finds claimant has 50 percent industrial disability due to the combined effects of both the April 29, 2013, and the October 10, 2014, dates of injury.  Based on the apportionment under Iowa Code section 85.34(7)(b), claimant is due 30 percent industrial disability from the effects of the October 10, 2014, injury.[2]

---

[2] Section 85.34(7) was amended in 2017, removing paragraphs (b) and (c).  2017 Iowa Acts ch. 23, §14.  The statute now in effect reads in relevant part, "An employer is not liable for compensating an employee's preexisting disability that arose out of and in the course of employment from a prior injury with the employer, to the extent that the employee's preexisting disability has already been compensated under this chapter, or chapter 85A, 85B, or 86."  Iowa Code § 85.34(7) (2020).

On judicial review the district court affirmed the finding. Ditsworth appeals.

## II. Standard of Review

"When an appellate court reviews a district court decision that reviewed an agency action, the appellate court's task is to determine if it would reach the same result as the district court in applying the Act." *Gits Mfg. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014). Because the commissioner has not been clearly vested with the authority to interpret Iowa Code section 85.34, its interpretation is reviewed for correction of errors at law. *See Roberts Dairy v. Billick*, 861 N.W.2d 814, 817 (Iowa 2015); *Waldinger Corp. v. Mettler*, 817 N.W.2d 1, 4–5 (Iowa 2012). Agency fact findings are binding unless unsupported by substantial evidence. *Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015). Legal interpretations by the agency are not binding. *Id.*

## III. Analysis

Ditsworth argues the commissioner inappropriately considered a settlement reached on a prior injury in order to reduce his award. Ditsworth settled his claim with Nationwide, ICON's insurance carrier in 2013. However, when the 2014 incident occurred, ICON's insurance carrier was Federated Insurance. ICON and Federated Insurance (collectively "employer") argue the apportionment was appropriate pursuant to Iowa Code section 85.34(7)(b)(2) (2015).

"The purpose of the Iowa Workers' Compensation Act is to make statutory compensation available to employees when the employees sustain injuries as a result of the hazards of the business." *Staff Mgmt. v. Jiminez*, 839 N.W.2d 640, 650 (Iowa 2013). Legislative history reveals Iowa Code section 85.34(7)(b) was

enacted to prevent double recovery and double reduction in situations involving permanent partial disability. *Drake Univ. v. Davis*, 769 N.W.2d 176, 185 (Iowa 2009); *see* 2004 Iowa Acts, ch. 1001, § 20. Thus, we must balance the Act's purpose of making a person whole with the legislature's direction to do no more than that.

Our supreme court has stated section 85.34(7)(b) "explains exactly how the offset is to be calculated when an employee suffers successive injuries while working for the same employer." *Roberts Dairy*, 861 N.W.2d at 822 (emphasis omitted).

> If, however, an employer is liable to an employee for a combined disability that is payable under subsection 2, paragraph "*u*", and the employee has a preexisting disability that causes the employee's earnings to be less at the time of the present injury than if the prior injury had not occurred, the employer's liability for the combined disability shall be considered to be already partially satisfied to the extent of the percentage of disability for which the employee was previously compensated by the employer minus the percentage that the employee's earnings are less at the time of the present injury than if the prior injury had not occurred.

Iowa Code § 85.34(7)(b)(2). The district court noted this process was followed precisely by the commissioner. The district court summarized the calculation as follows: "He subtracted the percentage of industrial disability attributable to the first back injury, which Petitioner settled, from the total industrial disability of Petitioner, which the Commissioner found was 50 percent."

We agree with the district court that the calculation of the commissioner gave effect to the statute. *See id.* The overall goal of the Act was achieved in part by the settlement with Nationwide for the 2013 back injury. *See Jiminez*, 839 N.W.2d at 650. Furthermore, Ditsworth will be compensated by the award for his

2014 injury through the present litigation.  He will receive 150 weeks of benefits, among the other reimbursements and payments not a part of this appeal, as compensation for the injury of October 10, 2014.

**IV.    Conclusion**

Because the calculation used by the commissioner to determine the award of benefits was based on the applicable statutes, we affirm.

**AFFIRMED.**