**IN THE COURT OF APPEALS OF IOWA**

No. 19-1085
Filed May 13, 2020


**KAS INVESTMENT CO., INC., d/b/a SWANSON GLASS, INC. and SFM SELECT INSURANCE COMPANY,**
    Plaintiffs-Appellants,

**vs.**

**JOSEPH BUEHLMANN,**
    Defendant-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.


An employer appeals the district court decision affirming the workers' compensation commissioner's award of benefits to an employee. **AFFIRMED.**


Lee P. Hook and Tyler S. Smith of Peddicord Wharton, LLP, West Des Moines, for appellants.

James Neal of Schott Mauss & Associates, PLLC, Des Moines, for appellee.


Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

KAS Investment Co., Inc., doing business as Swanson Glass, Inc., and its insurance carrier[1] appeal the district court decision affirming the workers' compensation commissioner's award of benefits to Joseph Buehlmann. Swanson Glass claims (1) there is not substantial evidence in the record to support the commissioner's finding that Buehlmann sustained a work-related injury to his lower back; (2) the commissioner erred by assessing a penalty of $1500; and (3) the commissioner erred by awarding $7171.89 in costs.

"When reviewing the decision of the district court's judicial review ruling, we determine if we would reach the same result as the district court in our application of the Iowa Administrative Procedure Act." *Sladek v. Emp't Appeal Bd.*, 939 N.W.2d 632, 637 (Iowa 2020) (quoting *Insituform Techs., Inc. v. Emp't Appeal Bd.*, 728 N.W.2d 781, 787 (Iowa 2007)). The commissioner's factual findings should be upheld on appeal if they are supported by substantial evidence when the record is viewed as a whole. *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016). We consider whether there is substantial evidence to support the findings made by the commissioner, not whether the evidence could support different findings. *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009).

We find there is substantial evidence in the record to support the commissioner's determination that Buehlmann had a work-related injury. *See Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 198 (Iowa 2014). The commissioner's decision is supported by the opinion of Dr. Sunil Bansal, who stated Buehlmann's

---

[1] We will refer to Swanson Glass and its insurance carrier together as Swanson Glass.

work at Swanson Glass was "a significant contributory factor towards the aggravation of his" back condition.

There is also substantial evidence supporting the penalty award under Iowa Code section 86.13 (2015). *See Christensen v. Snap-On Tools Corp.*, 554 N.W.2d 254, 258 (Iowa 1996). The penalty was assessed for Swanson Glass's failure to timely investigate Buehlmann's claim of a back injury, as there was a delay of twenty-seven weeks between the time Swanson Glass became aware of Buehlmann's injury and when it started to investigate.

Finally, the commissioner did not abuse his discretion in the assessment of costs. *See Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 238 (Iowa 1996). Swanson Glass disputes the award of $3690 for Dr. Bansal's independent medical evaluation (IME). Buehlmann obtained an IME before Swanson Glass requested an IME due to the unreasonable delay by the employer to investigate the claim. The costs for the IME were properly assessed under section 85.39.

We have carefully considered the decision of the commissioner and the district court's ruling on judicial review of that decision. We conclude the issues in this case involve only the application of well-settled rules of law, disposition is clearly controlled by prior published holdings, and a full opinion would not augment or clarify existing case law. For these reasons, we affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**