# IN THE COURT OF APPEALS OF IOWA

No. 20-0998
Filed April 14, 2021

**SEAN FARMER,**
    Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF EDUCATIONAL EXAMINERS,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.


        Sean Farmer appeals the disciplinary decision of the Iowa Board of

Educational Examiners.  **AFFIRMED.**



        Charles Gribble and Christopher Stewart of Gribble Boles Stewart &

Witosky Law, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Jesse Ramirez and David M.

Ranscht, Assistant Attorneys General, for appellee.



        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Sean Farmer appeals the disciplinary decision of the Iowa Board of Educational Examiners (Board), which was upheld by the district court on judicial review. Because substantial evidence supports the Board's findings of fact, we affirm.

The Iowa Administrative Code requires individuals licensed to teach to abide by standards of professional conduct and ethics. It is a violation of the standards for a licensee to be on school premises while possessing unauthorized drugs. Iowa Admin. Code r. 282–25.3(2)(a). After an arbitration hearing, an administrative law judge (ALJ) issued a proposed ruling, finding Farmer violated the standard:

> Here, the preponderance of the evidence supports a finding that Farmer stole [a] student['s] prescription medication in violation of the above rule. On two occasions, Farmer is seen entering the nurse's office late on Sunday night after school hours. In the February video footage, Farmer first enters the teacher's lounge to retrieve the keys to the nurse's office and then enters the nurse's office and remains in the office for a few minutes before leaving. On both mornings following the night that Farmer enters the nurse's office, the same prescription medication is missing from the nurse's medicine cabinet. There is no other unusual activity seen on the video footage. In particular, no one, other than cleaning staff emptying trash cans, enters or exits the nurse's office during the weekend prior to when the medicine is discovered missing.
> Farmer admitted to entering the nurse's office after school hours during the weekends in question. Farmer testified that he often works at the school late at night on Sunday, exercises in the weight room, and watches football. Farmer stated that he has severe allergies and therefore went into the nurse's office for allergy medication and saline solution. However, Farmer's testimony explaining why he entered the nurse's office is not credible. While there is little doubt that Farmer suffers from allergies, it defies logic that someone who suffers from the type of severe allergies suffered by Farmer relies on liquid children Benadryl obtained from the school nurse's office. Further, on no other occasion does Farmer enter the nurse's office other than the two occasions when prescription

medication is later found missing. In other words, every time Farmer is seen entering the nurse's office after school hours, prescription medicine is missing the following morning.

In addition, Farmer's explanation as to why he wrote his March 7, 2019 email requesting forgiveness is also not credible.[1] Farmer argues that he was asking for forgiveness for taking time off from work. However, when Farmer wrote the email to Superintendent Peterson and Principal Bohlen he was on administrative leave for taking prescription medication, not for excessive absences. Further, although Farmer thought that Superintendent Peterson was upset with him for taking time off, other than Farmer's testimony, there is no indication that Superintendent Peterson was upset by Farmer's absences and Farmer himself argues that he had "never had an issue or other allegation of impropriety" prior to the incident at hand. Moreover, it is unclear how Farmer asking for forgiveness for being absent would alleviate concerns by Superintendent Peterson and Principal Bohlen that Farmer was taking student's prescription medication. Rather, Farmer's March 7, 2019 email appears to be intended as a request for forgiveness for taking the prescription medication.

Overall, the preponderance of the evidence, including the video footage, email from Farmer requesting forgiveness and offering to go to treatment, and testimony from the parties supports a finding that Farmer went to the nurse's office and took prescription medication in violation of [rule 282–25.3(2)(a).]

The ALJ recommended: Farmer's license be indefinitely suspended with no possibility of reinstatement for a minimum of three years and Farmer receive a written reprimand, successfully complete at least fifteen in-person hours of an educator-ethics course, and successfully complete mental-health and substance-abuse evaluations and comply with any recommended treatment.

---

[1] Farmer's email to Superintendent Peterson states:
> I know you said there was nothing I could do to keep working at [school], I am asking for a 2nd chance, I am asking for forgiveness. I know I have some things that are getting in the way of me being a teacher the kids deserve. I am offering this idea. I would take a nonpaid leave of absence. I would go to treatment to get myself better. I would pay for all of it. Then I would come back ready to do the job correctly.

On appeal to the Board, the Board adopted the ALJ's proposed order as its final decision.

Farmer filed an application for judicial review of agency action and the district court determined:

> [T]he ALJ made detailed findings of her facts setting forth the portions of the record she relied upon and she set forth her disbelief of Farmer's testimony and the reasons for that disbelief. She did not find credible his explanation that he used children's Benadryl to alleviate his severe allergies. She did not find credible his explanation that he wrote the March 7th email because he believed he was on administrative leave for missing work. His lack of credibility and the testimony and evidence presented by the board, the ALJ found proved by a preponderance of the evidence Farmer took the student medication on the two evenings in question. After reviewing the entire record, including a review of the video surveillance tape and the audiotape of the hearing before the ALJ, the court finds a reasonable mind could view the evidence presented and reach the same conclusions found by the ALJ and the board. When the record is viewed as a whole it contains substantial evidence to support the board's fact findings and determination Farmer violated the standard for professional conduct and ethics set forth in [rule 282–25.3(2)(a)].

Farmer appeals.

"Appellate review of the contested case proceeding of a licensing board is for correction of errors at law." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013). We review the district court decision by applying the standards of Iowa Code section 17A.19 (2020). *Id.*

Farmer contends the Board's finding he possessed unauthorized drugs is not supported by substantial evidence.

> When dealing with the issue of whether substantial evidence supports the agency's findings, the district court and the appellate court can only grant relief to a party from the agency's decision if a determination of fact by the agency "is not supported by substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f).

*Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014). We review to determine whether the evidence in this case "would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). We are mindful it is the agency's duty "as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts at issue." *Arndt v City of Le Claire,* 728 N.W.2d 389, 394–95 (Iowa 2007).

Farmer attempts to liken the administrative record here with *Babe v. Iowa Board of Educational Examiners*, No. 17-0213, 2018 WL 1098923 (Iowa Ct. App. Feb. 21, 2018), where this court found the Board's finding an educator committed an act of physical abuse of a student was not supported by substantial evidence. *Babe,* 2018 WL 1098923, at *12. *Babe* is distinguishable. There, we noted the Board relied heavily on hearsay statements alleged to be made by the complaining student but "neither the ALJ nor the Board personally observed [the student] testify, and any credibility determination in his favor suffers from the absence of any demeanor evidence." *Id.* at *8. We also noted the hearsay statements "'[came] through the filter' of a parent—[the child's] mother" who "cannot be described as a disinterested witness" and "[w]hat we do know is that [the child] does not always tell the truth." *Id.* at *8–9.

Here, the student's medication was behind the locked doors of the school, the locked door of the nurse's office within the school, and the locked medicine cabinet doors within the nurse's office. We have Farmer's testimony admitting he

entered the nurse's office on both occasions the student's medication went missing. There is video evidence of Farmer accessing the nurse's office late in the evenings on the Sunday before the medication was discovered missing. Farmer takes medication for attention deficit hyperactivity disorder, which was the type of medication taken from the nurse's locked cabinet. And after Farmer was confronted by the principal and superintendent about the specific allegation of stealing the student's medication, Farmer sent an email to the superintendent "asking for forgiveness" and stating he would "go to treatment to get myself better." The ALJ personally observed Farmer's testimony and made specific findings Farmer's explanations were not credible. We agree with the district court, there is substantial evidence to support the Board's determination. We therefore affirm.

**AFFIRMED.**