# IN THE SUPREME COURT OF IOWA

No. 11 / 05-1694

Filed March 5, 2007

**JOHN ARNDT**,

   Appellee,

vs.

**CITY OF LE CLAIRE and**
**HIGHLAND INSURANCE GROUP**,

   Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

The employer and insurer appeal from a district court ruling on a petition for judicial review. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

William D. Scherle and Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for appellants.

Daniel D. Bernstein of William J. Bribriesco and Associates, Bettendorf, for appellee.

**WIGGINS, Justice.**

The Iowa workers' compensation commissioner found the claimant's injuries were not work related. On judicial review, the district court reversed the decision of the commissioner finding substantial evidence did not support the commissioner's decision. The employer and insurer appealed and our court of appeals affirmed. On further review, we find the district court and the court of appeals improperly weighed the evidence in reversing the commissioner's decision. Accordingly, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case for the district court to enter a judgment affirming the decision of the commissioner.

## I. Background Facts and Proceedings.

At the time of his alleged injury, John Arndt worked for the City of Le Claire as the public works supervisor. Arndt claims when he was at work on June 14, 2001, while climbing onto a road grader, he slipped on some grease and fell backward. When attempting to break his fall, Arndt twisted his knee and popped his shoulder. There were no witnesses to the incident. After the fall, Arndt claims he went back to the garage and told another City employee, Colleen Rhodes, that he twisted his knee. Arndt alleges the next day he told Ed Choate, his supervisor, that he injured his knee by falling off a road grader. Choate told Arndt to go see a doctor. Arndt told Choate he did not want to see a doctor at that time. He stated he would rather "wait it out and see if it was a little sprain." Choate did not fill out an employer's first report of injury form at this time.

On June 28 Arndt had an appointment with a chiropractor he had previously seen. On this visit, Arndt reported to the chiropractor he "twisted [his] right knee one month ago." Arndt did not seek any additional treatment until October when he began to see the chiropractor more

regularly. On his October 1 visit, Arndt reported right knee and right shoulder pain. On October 5 Arndt again visited the chiropractor and stated his right shoulder was better, but still sore. On October 8 Arndt saw the chiropractor for another follow-up visit. The chiropractor noted Arndt expressed he had pain when he stood for a long period of time and his right knee would swell.

In October Arndt told Choate his knee was "really bad, swollen up all the time and [it was] hard to get [his] pants on and off at night." Choate told Arndt if he sought medical treatment to avoid making a workers' compensation claim. He also told Arndt to have his own insurance pay for any treatment. Choate testified he thought because Arndt was seeing a doctor at a point in time that was so far removed from the injury date, he was unsure if workers' compensation would cover the bill.

On October 25 Arndt saw an orthopedic specialist. At the orthopedist's office, Arndt completed a medical history information form. On the form, he indicated his own private insurance would pay for his medical treatment, not his employer's workers' compensation insurance. He also put a question mark on the line provided for the patient to indicate the date of the accident or the onset of symptoms. Arndt testified when he was filling out the form, he did not know the exact date he was injured. The orthopedist's office took a history from Arndt. The history reflected Arndt told the orthopedist's nurse that he "slipped off of a ladder at home and twisted his knee and injured his shoulder." The history continues,

> [a]pparently as he fell he forcefully twisted the knee and felt a twinge along the medial aspect of the knee. He grabbed the ladder to stop his fall and forcefully pulled hard on the shoulder. This episode occurred 4 months ago.

The orthopedist diagnosed Arndt with injuries to his right shoulder and knee. These injuries required Arndt to have surgery on his knee and shoulder.

In December Choate determined a workers' compensation claim could be filed for Arndt's injury. Choate filled out an employer's first report of injury on December 6. The report listed the date of injury as June 14, 2001, and that Arndt first reported the injury to Choate on June 15.

On February 11, 2002, Arndt filed a notice and petition claiming workers' compensation benefits for the injuries he claimed to have sustained while falling off a road grader at work on June 14, 2001. During the hearing, the deputy workers' compensation commissioner accepted the employer's first report of injury into the record. In doing so, the deputy commissioner stated he put the report into the record only for the purpose allowed by Iowa Code section 86.11 (2001).

In addition to Arndt's medical records, the City introduced a letter from the orthopedist regarding the cause of Arndt's injuries. The letter stated:

> [Arndt's] history was taken by the office nurse in which he stated that he slipped off a ladder, twisted [his] knee and grabbed [the] ladder and pulled [his] shoulder at home.
>
> . . .
>
> For the date of accident, or onset of symptoms, he put a question mark. When he came into the office he gave the receptionist his regular insurance card and stated this was under his insurance.
>
> He never stated, at any time, during any of his visits to the office, that this was a work comp claim and we had no way of knowing. He has never given anyone any information at any of the visits to the office. He initialed his patient information sheet for the receptionist upon arrival of each visit. The very purpose of asking the patient to initial the patient information sheet on each return visit is to clarify any changes in insurance or work comp status. The patient is asked upon arrival to the

office for his appointment to review the patient information sheet to see if there are any changes in address, phone number, insurance or work comp status.

The deputy workers' compensation commissioner found Arndt did not prove by a preponderance of the evidence that he "sustained an injury arising out of and in the course of employment on June 14, 2001." The deputy commissioner found there were too many inconsistencies regarding when the accident occurred. The deputy commissioner also found "[a]s late as October 25, 2001, [Arndt] reported to medical personnel that his injury was on a ladder at home and was to be covered by his private insurance."

Arndt appealed the decision to the Iowa workers' compensation commissioner. The commissioner found at best, there was equipoise of evidence. Therefore, he affirmed the deputy commissioner's finding that Arndt had not met his burden of proof.

Arndt sought judicial review of the commissioner's decision. The district court reversed the commissioner's decision, finding "there was not substantial evidence in the record to support the decision of the Workers' Compensation Commissioner or the decision of the Deputy Commissioner in the arbitration decision."

The City appealed and we transferred the case to the court of appeals. The court of appeals issued an opinion affirming the district court decision. The City petitioned for rehearing and the court of appeals granted the petition. On rehearing the City argued the court of appeals based its decision "in whole or in part on evidence not admitted at trial." The City asserted the employer's first report of injury was admitted into evidence for the sole purpose of establishing when the employer received notice of the injury, and "notice was not an issue in this case and therefore the report was not formally admitted into evidence and is not a valid part of the record made at the hearing." The court of appeals addressed this concern and

"disagree[d] that notice was not an issue in this case." The court of appeals found

> [t]he fact that Arndt reported the injury to his employer on the day after he claimed he was injured is a fact the deputy commissioner found relevant enough to include in his findings and a fact that we believe we may consider notwithstanding the strictures of Iowa Code section 86.11.

Then the court of appeals found substantial evidence did not support the commissioner's decision. The court of appeals reasoned,

> [t]o affirm the agency decision, we would have to ignore the date on which the employee notified the employer of his injury as found by the deputy commissioner, as well as testimony from the employer's representative confirming that a work-related injury occurred on June 14, 2001.

The City petitioned for further review, which we granted.

**II. Scope of Review.**

A district court reviews agency action pursuant to the Iowa Administrative Procedure Act. *IBP, Inc. v. Harpole*, 621 N.W.2d 410, 414 (Iowa 2001) (citing Iowa Code § 17A.19(8)). When we review a district court decision reviewing agency action, our task is to determine if we would reach the same result as the district court in our application of the Act. *City of Des Moines v. Employment Appeal Bd.*, 722 N.W.2d 183, 189-90 (Iowa 2006).

The district court may reverse or modify an agency's decision if the agency's decision is erroneous under a ground specified in the Act and a party's substantial rights have been prejudiced. Iowa Code § 17A.19(10). The district court or an appellate court can only grant Arndt relief from the commissioner's decision if a determination of fact by the commissioner "is not supported by substantial evidence in the record before the court when that record is viewed as a whole." *Id.* § 17A.19(10)(*f*). Just because the interpretation of the evidence is open to a fair difference of opinion does not

mean the commissioner's decision is not supported by substantial evidence. *ABC Disposal Sys., Inc. v. Dep't of Natural Res.*, 681 N.W.2d 596, 603 (Iowa 2004). An appellate court should not consider evidence insubstantial merely because the court may draw different conclusions from the record. *Fischer v. City of Sioux City,* 695 N.W.2d 31, 33-34 (Iowa 2005).

### III. Analysis.

The claimant has the burden of proof to show by a preponderance of the evidence that the injury arose out of and was in the course of the claimant's employment. *Dunlavey v. Econ. Fire and Cas. Co.*, 526 N.W.2d 845, 849 (Iowa 1995). The commissioner found Arndt failed to prove his injury arose out of and was in the course of his employment.

The district court, however, found there was evidence in the record supporting Arndt's claim his injury was work related. This evidence consisted of Arndt's testimony that his injuries occurred when he fell off a road grader on June 14, 2001, and the testimony of his supervisor, Choate, that on the day after the alleged injury, Arndt reported to Choate he was injured by falling off a road grader at work. Choate testified on June 15, the day after the alleged accident, he believed Arndt when Arndt told him that his injury occurred on June 14 by falling off a road grader. Additionally, on the day of the hearing, Choate testified he still believed Arndt was truthful when Arndt told him that the injury occurred on June 14 by falling off a road grader.

In addition to the evidence the district court relied on to reach its decision, the court of appeals relied on the employer's first report of injury to support Arndt's claim his injury occurred on June 14. The City claims the court of appeals was wrong to consider the first report to prove Arndt's injury occurred on June 14. We agree.

The deputy commissioner admitted the first report into the record for

the "very limited purpose" allowed by Iowa Code section 86.11 when Arndt's attorney referred to the employer's first report of injury during Arndt's testimony. The Code provides the filing of an employer's first report of injury with the workers' compensation commissioner "shall be without prejudice to the employer." Iowa Code § 86.11. Section 86.11 allows the first report of injury to be admitted in evidence or used in any trial or hearing before any court, the workers' compensation commissioner, or a deputy workers' compensation commissioner for the limited purpose of showing the employer had notice of the occurrence of an injury as required by section 85.23. *Id.* § 86.11. Accordingly, the court of appeals incorrectly relied on the first report of injury as evidence of the injury date.

When the district court reviewed the record, it determined Arndt's medical records did not constitute substantial evidence to support the commissioner's decision because the nurse who took Arndt's history did not testify. The court of appeals agreed with the district court and stated, "the district court simply considered all the record evidence and determined that the employer's admissions of a work-related injury on June 14, 2001 *trumped the qualitatively weaker* statements attributed to Arndt by medical personnel." (Emphasis added.)

The Iowa Administrative Procedure Act defines substantial evidence as:

> the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance.

Iowa Code § 17A.19(10)(*f*)(1). The commissioner admitted Arndt's medical records into evidence without objection. The commissioner was entitled to give the medical records the weight he felt they deserved.

Making a determination as to whether evidence "trumps" other evidence or whether one piece of evidence is "qualitatively weaker" than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision. *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996) (stating under a substantial evidence review it is not the task of the reviewing court "to weigh the evidence or the credibility of the witnesses"). It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue. *See Dunlavey*, 526 N.W.2d at 853 (stating in deciding whether to accept the opinion of an expert witness "[t]he commissioner as trier of fact has the duty to determine the credibility of the witnesses and to weigh the evidence, together with the other disclosed facts and circumstances, and then to accept or reject the opinion"). The reviewing court only determines whether substantial evidence supports a finding "*according to those witnesses whom the [commissioner] believed.*" *Tim O'Neill Chevrolet, Inc.*, 551 N.W.2d at 614 (emphasis added). Consequently, both the district court and the court of appeals improperly weighed the evidence to overrule the commissioner's findings.

Contrary to the district court's and court of appeals' opinions, we find there is substantial evidence in the record to support the commissioner's finding that Arndt failed to prove his injury arose out of and was in the course of his employment. One piece of evidence supporting the commissioner's decision is Arndt's statement to his chiropractor that his injury occurred one month before his June 28 visit to the chiropractor. This places Arndt's injury date to be around May 28, not June 14 as he claims.

Another piece of evidence supporting the commissioner's decision is

the orthopedist's medical records. These records include a history taken from Arndt indicating Arndt told the orthopedist's nurse that his injury occurred when he slipped off a ladder at home, twisted his knee, and injured his shoulder.

A final piece of evidence supporting the commissioner's decision is the information form filled out by Arndt at the orthopedist's office. On the form, Arndt marked the space provided to inform the office of the date or the onset of symptoms with a question mark. He also indicated on the form his own private insurance, not his employer's workers' compensation insurance, would be paying for his medical treatment.

Accordingly, substantial evidence supports the workers' compensation commissioner's decision finding Arndt's injury did not arise out of and was not in the course of his employment.

**IV. Disposition.**

Because the district court and the court of appeals improperly weighed the evidence to overrule the workers' compensation commissioner's finding that Arndt's injury did not arise out of and was not in the course of his employment, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case for the district court to enter a judgment affirming the decision of the workers' compensation commissioner.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except Hecht, J., who takes no part.