**IN THE COURT OF APPEALS OF IOWA**

No. 14-1924
Filed August 19, 2015

**MENARD, INC. and ZURICH INS. CO.,**
    Plaintiff-Appellants,

**vs.**

**KENNETH FENTON,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

    An employer appeals a district court order affirming the decision of the worker's compensation commissioner. **AFFIRMED.**

    Charles A. Blades of Scheldrup Blades Schrock Smith P.C., Cedar Rapids, for appellant.

    Nicholas W. Platt of Hopkins & Huebner, P.C., Des Moines, for appellee.

    Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Thirty-eight-year-old Kenneth Fenton sustained a back injury in November 2010 while working as an operator on an assembly line at Menard, Inc. A deputy commissioner determined Fenton experienced "a 50 percent loss of earning capacity or industrial disability." The deputy awarded him permanent partial disability benefits. The commissioner affirmed the arbitration decision and adopted it in full.

Menard, Inc. and its insurance carrier, Zurich American Insurance Company ("Menard"), sought judicial review of the agency decision. The district court affirmed.

On appeal, Menard contends the fifty percent industrial disability determination is not supported by substantial evidence and is an irrational, illogical, and wholly unjustifiable application of law to fact. *See* Iowa Code § 17A.19(10)(f), (m) (2013). Menard specifically asserts "[t]he commissioner failed to compare the condition of the Claimant's low back before the work injury with the condition of his low back after having undergone surgery" or his earning capacity before and after the injury.

To the contrary, the deputy commissioner summarized Fenton's medical history, including his back problems, and found "no evidence [Fenton] had any permanent impairment prior to this 2010 injury." The deputy's finding is supported by substantial evidence. *See Holdings v. Allen*, No. 12-0388, 2012 WL 4900464, at *6-7 (Iowa Ct. App. Oct. 12, 2012) (finding substantial evidence supported commissioner's award of fifty-percent industrial disability to a thirty-eight year-old claimant who sustained an injury to the discs in his spinal cord);

*Fitzpatrick v. Square D*, No. 08-0945, 2009 WL 779045, at *4-5 (Iowa Ct. App. Mar. 26, 2009) (finding substantial evidence to support deputy commissioner's finding that the claimant "had a long history of back problems preceding her work injury").

The deputy also enumerated Fenton's earnings in the year of his injury and in ensuing years. The deputy found Fenton had been moved to a "floater" job, which "was not a permanent position at the time of the hearing." Again, these findings are supported by substantial evidence.

No useful purpose would be served by summarizing the evidence. *See Arndt v. City of Le Claire*, 728 N.W.2d 389, 394-95 (Iowa 2007) (stating it is the commissioner's duty, not ours, to "determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue."); *Terwilliger v. Snap-On Tools Corp.*, 529 N.W.2d 267, 272 (Iowa 1995) (noting reviewing courts are not to apply "scrutinizing analysis" to the commissioner's findings). Having found substantial evidentiary support for the commissioner's key determinations, we also conclude the commissioner's application of law to fact was not irrational, illogical, or wholly unjustifiable.

Like the district court, we affirm the commissioner's workers' compensation decision in favor of Fenton.

**AFFIRMED.**