# IN THE COURT OF APPEALS OF IOWA

No. 15-0571
Filed February 24, 2016

**BRIDGESTONE/FIRESTONE and
OLD REPUBLIC INSURANCE COMPANY,**
    Petitioners-Appellants,

**vs.**

**RODNEY DALTON,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.


Bridgestone/Firestone and Old Republic Insurance Company appeal the

district court's order affirming the workers' compensation commissioner's

decision granting Rodney Dalton benefits.  **AFFIRMED.**



Timothy Wm. Wegman and Joseph M. Barron of Peddicord, Wharton,

Spencer, Hook, Barron & Wegman, L.L.P., West Des Moines, for appellants.

Jean Mauss and Max J. Schott of Schott Mauss & Associates, P.L.L.C.,

Des Moines, for appellee.



Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Bridgestone/Firestone and Old Republic Insurance Company (the employer) appeal the district court's order affirming the workers' compensation commissioner's decision granting Rodney Dalton benefits. The employer claims the commissioner erred in awarding a fifty-percent penalty on all accrued benefits, Dalton failed to prove causation, and the commissioner erred in awarding fifty percent industrial disability. We affirm.

## I.     BACKGROUND FACTS AND PROCEEDINGS

We incorporate the district court's statement of the factual background:

Dalton was 56 years old at the time of the arbitration hearing. He graduated from high school and received an associate's degree from [Des Moines Area Community College]. In 1979 he began working at Firestone. Initially, he worked in the heavy-duty curing department where his duties included prepping tires, forklift driving, and laying tires. He then worked 12 years as a mold changer. He used a pneumatic wrench that weighed about 35 pounds. At times this job required lifting over 50 pounds.
      On March 11, 2010, Dalton reported right shoulder pain to his employer. Subsequent investigation of the pain revealed he had a full thickness rotator cuff tear; ulnar nerve entrapment and cubital tunnel syndrome at his right elbow; and carpal tunnel syndrome in his right wrist.
      On January 1, 2012, Dalton filed a petition for benefits based on his March 11, 2010, cumulative right shoulder injury. On February 3, 2014, Deputy Commissioner Ron Pohlman issued an arbitration decision awarding Dalton healing period benefits, 250 weeks of permanent partial disability benefits, reimbursement for the IME expense, and costs. The deputy commissioner also assessed a penalty against [the employer] for $75,000. On August 20, 2014, Commissioner Chris Godfrey affirmed the Arbitration Decision in part, modifying the penalty assessment by reducing it from $75,000 to $33,027.69. On November 7, 2014, [the employer] filed a Petition in this Court for Judicial Review of the commissioner's decision.

In its petition, the employer claimed the commissioner's decision was erroneous in awarding a fifty-percent penalty on all accrued benefits, Dalton did not prove he sustained compensable injury, and the commissioner erred in awarding a fifty-percent industrial disability. The district court affirmed the commissioner's decision. The employer now appeals raising the same three issues.

## II. STANDARD OF REVIEW

Our review is governed by Iowa Code chapter 17A (2013). *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). Under chapter 17A, the district court acts in an appellate capacity to correct errors of law. *Id.* In reviewing the district court's decision, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court. *Id.* at 889. If we do, we affirm; if not, we reverse. *Id.* In reviewing agency action, the district court may only reverse or modify if the agency's decision is erroneous under one of the provisions set forth in Iowa Code section 17A.19(10) and a party's substantial rights have been prejudiced. *Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014).

For issues one and three, we are asked to review the commissioner's application of the law to the facts of the case. We recognize the "[a]pplication of workers' compensation laws to facts as found by the commissioner is clearly vested in the commissioner." *See Midwest Ambulance Serv. v. Ruud*, 754 N.W.2d 860, 864 (Iowa 2008). Therefore, we reverse only "upon a showing that the commissioner's application of law to the facts of this case meets the

demanding 'irrational, illogical, or wholly unjustifiable' standard of section 17A.19(10)(m)." *Id.* at 865.

For issue two, we are asked to determine if substantial evidence supports the commissioner's finding. In resolving the "issue of whether substantial evidence supports the agency's findings," the district court and this appellate court "can only grant relief" when "a determination of fact by the agency 'is not supported by substantial evidence in the record before the court when that record is viewed as a whole.'" *Gits*, 855 N.W.2d at 197 (quoting Iowa Code § 17A.19(10)(f)). "Substantial evidence supports an agency's decision even if the interpretation of the evidence may be open to a fair difference of opinion." *Id.*; see also *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007) ("It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue."). Accordingly, the district court and this appellate court "should not consider the evidence insubstantial merely because the court[s] may draw different conclusions from the record." *Gits*, 855 N.W.2d at 197.

### III. MERITS

#### A. Penalty Benefits

The employer claims the commissioner erred in its application of Iowa Code section 86.13 by awarding a fifty-percent penalty on all accrued benefits.

On March 11, 2010, Dalton reported a cumulative injury of his right shoulder to his employer. He then saw Dr. Todd Troll, the company physician. Troll noted "patient has no specific injury to relate his symptoms to today. I

cannot, therefore, relate his chronic shoulder problems to his work. I suggested to him that he see his [primary care provider] for further evaluation and referral to a consultant."

After an examination by his family physician, on September 15, Dalton saw Dr. Scott Neff, an orthopedic surgeon. Dalton reported symptoms in his right shoulder that included: "pain at night and loss of motion; and he feels a grinding, snapping, popping in his right shoulder." Neff's physical examination revealed positive impingement, and he diagnosed the claimant with impingement syndrome of the right shoulder with AC joint arthrosis; significant subacromial spurring with impingement syndrome and mild gienohumeral arthritis. Neff ordered an MRI of the right shoulder. After an MRI was performed, on November 15, Neff diagnosed Dalton with a "full-thickness rotator cuff tear insertion of right shoulder," "degenerative labral tear involving superior anterior labrum," and "probable carpal tunnel syndrome." On December 8, Neff saw Dalton on a follow-up appointment, and Neff recommended surgical treatment. Also on December 8, the employer completed a "first report of injury" identifying March 11, 2010, as the date of the injury.

On December 15, the employer sent a letter to Dalton. The letter listed the date of Dalton's injury as March 11, 2010. The letter denied his claim, stating:

> After careful consideration of all available information, it is our opinion that your claim for Workers' Compensation benefits is not compensable. It has been determined that you did not experience a factory related injury on the above date. Therefore your claim for workers' compensation benefits is being denied in its entirety.

The commissioner found the employer did not satisfy the requirements of Iowa Code section 86.13 for the denial of an employee's benefits claim. The commissioner reasoned:

> Dr. Troll's opinion fails to answer the appropriate and necessary inquiry of whether claimant sustained a cumulative work injury that caused or otherwise lit-up or aggravated a preexisting condition due to his work duties with defendant-employer. As such, Dr. Troll's opinion cannot be found to provide a reasonable basis for a denial of the claim as the limited opinion fails to provide any basis to deny a cumulative injury. Moreover, claimant was merely notified on December 15, 2010 that his claim was being denied . . . . This notification relies upon the flawed report of Dr. Troll and fails to provide any additional basis for a claim denial. Finally, defendants have an ongoing duty to investigate the compensability of a claim of injury. Herein, two qualified physicians provided clear and supportive opinions on the issue of a cumulative work injury. Defendants failed to initiate any further investigation of the claim, choosing instead to rely upon the flawed, and frankly irrelevant, opinion of Dr. Troll. As such a penalty is properly assessed in this particular claim.

Iowa Code section 86.13, concerning an employer's denial of benefits, provides:

> 4. a. If a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits, the workers' compensation commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were denied, delayed, or terminated without reasonable or probable cause or excuse.
> b. The workers' compensation commissioner shall award benefits under this subsection if the commissioner finds both of the following facts:
>> (1) The employee has demonstrated a denial, delay in payment, or termination of benefits.
>> (2) The employer has failed to prove a reasonable or probable cause or excuse for the denial, delay in payment, or termination of benefits.

c.[1] In order to be considered a reasonable or probable cause or excuse under paragraph "b", an excuse shall satisfy all of the following criteria:

> (1) The excuse was preceded by a reasonable investigation and evaluation by the employer or insurance carrier into whether benefits were owed to the employee.
>
> (2)The results of the reasonable investigation and evaluation were the actual basis upon which the employer or insurance carrier contemporaneously relied to deny, delay payment of, or terminate benefits.
>
> (3) The employer or insurance carrier contemporaneously conveyed the basis for the denial, delay in payment, or termination of benefits to the employee at the time of the denial, delay, or termination of benefits.

We recently dealt with the application of Iowa Code section 86.13 in *Pettengill v. American Blue Ribbon Holdings, LLC*, ___ N.W.2d ___,___, 2015 WL 9450654, at *6 (Iowa Ct. App. 2016). We reasoned:

Iowa Code section 86.13(4)(b) creates a two-prong test that requires the agency to award a claimant penalty benefits if (1) "The employee has demonstrated a denial, delay in payment, or termination of benefits"; and (2) "The employer has failed to prove a reasonable or probable cause or excuse for the denial, delay in payment, or termination of benefits."

*Pettengill*, ___ N.W.2d at ___, 2015 WL 9450654, at *7.

Here, Dalton has demonstrated the employer delayed in the denial of his benefits—by the unreasonably long period of nine months. The employer has failed to demonstrate a "reasonable or probable cause or excuse for the . . . delay." *Id.* Therefore, we find the commissioner's application of section 86.13 was not "irrational, illogical, or wholly unjustifiable," Iowa Code § 17A.19(10)(m), and affirm its calculation of penalty benefits.

---

[1] The language in this subsection was added to the statute pursuant to a 2009 Amendment. *See* 2009 Iowa Acts ch. 179, § 110.

**B.    Causation**

The employer claims the commissioner's finding regarding the cause of Dalton's injury was not supported by substantial evidence. *See* Iowa Code §17A.19(10)(f). On this issue the district court reasoned:

> In the medical opinion of Dr. Scott Neff, Dalton's right shoulder and arm impairments were related to his work activity. Similarly, Dr. Sunil Bansal issued a report attributing Dalton's right arm and shoulder impairments to "overuse syndrome." "[T]he determination of whether to accept or reject an expert opinion is within the peculiar province of the commissioner." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014) (internal citations omitted). In choosing to accept a particular expert's opinion, the commissioner must "consider the expert testimony together with all other evidence introduced bearing on the causal connection between the injury and the disability." *Sherman v. Pella Corp.*, 576 N.W.2d 312, 321 (Iowa 1998). In the present case, the deputy commissioner weighed the evidence of Dalton's workload against the other potential causes of the disability, such as the fall on the ice. The commissioner's findings were supported by substantial evidence.

We also find substantial evidence supports the commissioner's findings.

**C.    Industrial Disability**

The employer claims the commissioner erred when it found Dalton had a fifty-percent industrial disability rating.

"Industrial disability is determined by an evaluation of the employee's earning capacity." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 852 (Iowa 2011). "The commissioner may consider a number of factors in determining industrial disability, including functional disability, 'age, education, qualifications, experience, and the claimant's inability, because of the injury, to engage in employment for which he is fitted.'" *Id.* (alteration omitted) (citation omitted).

Here, the commissioner (by adopting the deputy commissioner's decision) considered the relevant factors and stated:

> The claimant underwent multiple surgical procedures to his right upper extremity and has substantial permanent impairment. However, he returned to work without restrictions and performed his old job without formal accommodation. Given the degree of permanent impairment it is reasonable to accept that claimant has physical limitations. The recommended restrictions from Dr. Bansal are reasonable given the level of permanent impairment claimant has been assigned and claimant's current condition. Claimant has sustained significant industrial disability. It is reasonable to expect that these limitations would affect the claimant's ability to perform the heavier work he has done in the past.
> Considering these and all other factors of industrial disability it is concluded that claimant has sustained a 50 percent industrial loss entitling the claimant to 250 weeks of permanent partial disability pursuant to Iowa Code section 85.34(2)(u).

We find the commissioner's finding of fifty-percent industrial disability was not irrational, illogical, or wholly unjustifiable, and affirm.

## IV.  CONCLUSION

We find the commissioner's award of penalty benefits and finding of fifty percent industrial disability was not irrational, illogical, or wholly unjustifiable. We find the commissioner relied on substantial evidence in finding Dalton's employment was the proximate cause of his shoulder injuries.

**AFFIRMED.**