# IN THE COURT OF APPEALS OF IOWA

No. 19-2138
Filed February 17, 2021

**REGIONAL CARE HOSPITAL PARTNERS, INC., and ZURICH AMERICAN INSURANCE COMPANY,**
    Petitioners-Appellants,

**vs.**

**ROBERTA MARRS,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.

An employer and its workers' compensation insurance carrier appeal an award of workers' compensation benefits to an employee. **AFFIRMED.**

Valerie A. Foote of Smith Mills Schrock Blades P.C., West Des Moines, for appellants.

John P. Dougherty of Lawyer, Dougherty & Palmer, P.L.C., West Des Moines, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Roberta Marrs injured her back and neck while working as a nurse at Ottumwa Regional Health Center.  In the months that followed, Marrs received a diagnosis of and treatment for thoracic and high-lumbar sprains.  Marrs received a medical release to return to light-duty work four months after the date of injury, but her employer never offered her light-duty work and stopped payment of medical expenses and temporary benefits.

Although her lumbar pain resolved, Marrs continued to have pain in her upper back and neck.  Several doctors agreed that a degenerative disc condition in her cervical spine was the cause and recommended anterior cervical discectomy and fusion (ACDF) surgery.  The question was whether it was related to her work injury.  Dr. Chad Abernathey stated that he would not consider the ACDF surgery "to be a work related surgical procedure."  He also believed that Marrs reached maximum medical improvement six months after the date of injury and had no permanent impairment or physical restrictions.  But Dr. Sarkis Kaspar, who Marrs sought treatment from through her private health insurance, believed the incident that occurred at work either caused the injury to Marrs's neck or materially aggravated, lighted-up, or accelerated some pre-existing degenerative condition.  And Dr. Todd Harbach, who conducted an independent medical examination at Regional Care's request, agreed with Dr. Kaspar.  Dr. Harbach also determined that Marrs had not reached maximum medical improvement and will have a permanent impairment as a result of her work injury.

Marrs petitioned for workers' compensation benefits from Regional Care Hospital Partners, Inc., her employer, and American Zurich Insurance Company,

her employer's insurance carrier (collectively "Regional Care"). Following a hearing, a deputy workers' compensation commissioner awarded Marrs healing period benefits of $559.49 per week and ordered Regional Care to pay a $50,000 penalty and reimburse Marrs for medical expenses. Regional Care appealed, and the workers' compensation commissioner affirmed the award of healing period benefits but reduced the penalty from $50,000 to $39,000. The district court affirmed the commissioner on judicial review. Regional Care appealed.

We review the district court's ruling on judicial review under the standards in the Iowa Administrative Procedure Act. *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 199 (Iowa 2010). Our review is limited to determining whether the district court correctly applied the law in exercising its review under Iowa Code section 17A.19(8) (2017). *See Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 195 (Iowa 2007). If we reach the same conclusions as the district court, we affirm; if not, we reverse or modify. *See id.*

Regional Care first challenges the evidence supporting the commissioner's finding that Marrs's neck injury arose out of and in the course of her employment. Because factual determinations are clearly vested in the discretion of the workers' compensation commissioner, we defer to the commissioner's findings if they are based on "substantial evidence in the record before the court when that record is viewed as a whole." *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009) (quoting Iowa Code § 17A.19(10)(f)). Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of

great importance." Iowa Code § 17A.19(10)(f)(1). Rather than questioning whether the evidence before us may support a different finding than that made by the commissioner, we ask whether the evidence supports the finding actually made. *See Larson Mfg. Co.*, 763 N.W.2d at 850.

The district court determined that substantial evidence supports the commissioner's finding regarding causation and that the commissioner correctly applied the law to the facts in the case. After weighing the opinions of the doctors who examined Marrs, the commissioner found Dr. Abernathey's unpersuasive because the doctor "provided no explanation whatsoever." Instead, the commissioner found Dr. Harbach's opinion that the work injury aggravated a pre-existing condition—which is buttressed by Dr. Kaspar—to be most convincing. It the commissioner's job to weigh these medical opinions, not that of the district court or the court of appeals in conducting a substantial-evidence review. *See Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). We agree with the district court and affirm.

Regional Care also challenges the commissioner's calculation of the weekly benefit rate. This determination is made by averaging the employee's earnings in the last thirteen consecutive calendar weeks leading up to the work injury. *See* Iowa Code § 85.36(6). But if any week does not fairly reflect the employee's customary earnings, it is replaced "by the closest previous week with earnings that fairly represent the employee's customary earnings." *Id.* The commissioner removed from the benefits calculation a two-week period during which Marrs worked 54.75 regular hours versus all other relevant pay periods, in which Marrs worked at least 62.5 regular hours. Because we agree with the district court that

the commissioner correctly applied the law to the facts and that substantial evidence supports a finding that the two-week period did not represent Marrs's customary earnings, we affirm.

Finally, Regional Care challenges the commissioner's assessment of penalty benefits. If an employer or its workers' compensation carrier unreasonably delays or terminates benefits, the commissioner can impose penalty benefits of "up to fifty percent of the amount of benefits that were denied, delayed, or terminated without reasonable or probable cause or excuse." Iowa Code § 86.13(4)(a). The commissioner found Regional Care ceased payment of benefits or medical expenses after November 17, 2014, when Marrs was released to return to light-duty work. The parties agreed that "roughly $80,000 of benefits were unpaid at the time of the hearing." The commissioner found Regional Care failed to pay the benefits without reasonable cause or excuse and determined that a penalty "in the range of 50 percent is appropriate," awarding $39,000 in penalty benefits.

Regional Care argues it stopped paying benefits while Marrs was not working due to conditions unrelated to her work injury. It also claims that the medical records show Marrs's healing period had ended by November 26, 2014, because her lumbar pain had "completely resolved," her thoracic pain significantly decreased, and her treating physician concluded there was "very little" to offer her with regard to her remaining symptoms. But even if it raised this argument in its agency appeal, the only argument the commissioner addressed was Regional Care's claim it reasonably relied on Dr. Abernathey's opinion to deny liability and terminate benefits. The commissioner rejected this claim, noting that Dr.

Abernathy offered his opinion months after Regional Care stopped paying benefits and that Regional Care offered no evidence that it properly communicated its denial of benefits to Marrs.  We agree with the district court that substantial evidence supports the finding that Regional Care failed to show it terminated benefits for reasonable cause.   We therefore affirm.

**AFFIRMED.**