# IN THE COURT OF APPEALS OF IOWA

No. 20-1186
Filed July 21, 2021

**JOHN DOE, M.D.,**
      Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
      Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Dr. John Doe appeals a district court ruling affirming the Iowa Board of Medicine's order to undergo a confidential competency evaluation. **AFFIRMED.**

David L. Brown and Alexander E. Wonio of Hanson, McClintock & Riley, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Heard by Bower, C.J., and Doyle and Tabor, JJ.

**BOWER, Chief Judge.**

Dr. John Doe appeals a district court ruling affirming the Iowa Board of Medicine's (Board) order to undergo a confidential competency evaluation. Based on the record before us, including the Board's credibility findings, the Board had probable cause to order Dr. Doe to undergo the comprehensive competency evaluation. We affirm.

**I. Background Facts & Proceedings.**

Dr. Doe is a licensed physician practicing in Iowa. In March 2019, the Board received allegations Dr. Doe had performed inappropriate pelvic and breast examinations on a young adult female patient between November 2018 and February 2019.[1] The patient told the Board no other member of Dr. Doe's medical staff was present during the examinations. The Board assigned an investigator, who spoke with the patient, Dr. Doe, and his medical staff, and reviewed the patient's medical records.

On May 29, the Board ordered Dr. Doe "to successfully complete a comprehensive physical, neuropsychological, mental health, unprofessional conduct, professional boundaries and sexual misconduct evaluation pursuant to Iowa Code section 272C.9(1) [(2019)]." Dr. Doe was ordered to schedule the evaluation with Acumen Assessments. Upon Dr. Doe's request, the executive director for the Board agreed to stay the evaluation order until after Dr. Doe appeared before the Board on August 1. On August 5, the Board informed Dr. Doe it would enforce the evaluation order. Dr. Doe filed an objection to the order

---

[1] The relevant appointments were initial complaints or follow-up appointments for abdominal and pelvic pain.

claiming, "The Board did not have adequate probable cause to issue the order for the evaluation."

The Board held a contested hearing to review the propriety of the evaluation order on November 7 and December 19. The patient testified and provided the Board with relevant text messages sent to her spouse and to the doctor's medical assistant. The text messages were consistent with her testimony. Also testifying were the doctor, his wife, current and former members of his medical staff, and the investigator assigned to the case. As part of his evidence, Dr. Doe submitted an unauthorized behavioral-health evaluation on December 18; the evaluation covered mental health and substance abuse but did not include a professional boundaries or psychosexual component.

On January 16, 2020, the Board issued a decision affirming the evaluation order. The Board defined probable cause as a "reasonable ground for belief" and noted it was "a very limited standard that is far below the standard required to prove the allegation occurred as alleged for disciplinary purposes." The Board found, "Based in part on the serious nature of the allegations, the contemporaneous text message of the inappropriate touching on February 19, 2019, and her overall demeanor, including her earnestness about what occurred, her testimony about inappropriate sexual touching has significant force and enough to meet the probable cause standard."[2]

Dr. Doe sought judicial review of the Board's decision. The district court found substantial evidence established probable cause for the Board to order

---

[2] The Board acknowledged inconsistencies in the patient's statements but noted "[f]ailing to remember or even misremembering ancillary details is common."

Dr. Doe to submit to the comprehensive evaluation. The district court observed Dr. Doe's reasons to reverse the probable-cause finding would require "the court to completely re-evaluate the credibility of each witness." The court held, "The finding ultimately reached by the Board that this competency evaluation is required is . . . not unreasonable, arbitrary, capricious, an abuse of discretion, or irrational, illogical, or wholly unjustifiable"; affirmed the Board's decision ordering the evaluation; and dismissed Dr. Doe's petition for judicial review.

Dr. Doe appeals, challenging whether the Board had "probable cause" to order a competency evaluation. Dr. Doe claims there is not substantial evidence supporting the probable-cause finding and challenges the Board's credibility findings for the patient and himself. Dr. Doe further asserts the Board shifted the burden of proof and expected him to disprove the allegations.

**II. Standard of Review.**

"Appellate review of the contested case proceeding of a licensing board is for correction of errors at law." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013). "It is the agency's duty 'as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue.' 'We are bound by the agency's findings so long as they are supported by substantial evidence.'" *Id.* at 192 (citation omitted). "It is not the role of the court to reassess the evidence or make its own determination of the weight to be given the various pieces of evidence." *Doe v. Iowa Bd. of Pharmacy*, No. 14-0089, 2014 WL 6682050, at *3 (Iowa Ct. App. Nov. 26, 2014) ("[T]he court must not reassess the weight to be accorded various items of evidence. Weight of evidence

remains within the agency's exclusive domain." (citing *Burns v. Bd. of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993)).

Dr. Doe contends based on the evidence submitted at the Board hearing, "it is impossible for [patient]'s version of events to be true," contests the Board's determination there was probable cause to order him to undergo a comprehensive evaluation, and claims the probable-cause finding is not supported by substantial evidence in the record when viewed as a whole. *See* Iowa Code § 17A.19(10)(f).

**III. Analysis.**

We emphasize, as the Board and district court did, that the only question before us is whether the Board had probable cause to order a comprehensive physical, neuropsychological, mental health, unprofessional conduct, professional boundaries and sexual misconduct evaluation. We do *not* reach the merits of the allegations. Our review is limited to whether substantial evidence supports the Board's determination probable cause existed to order the evaluation. *See Christiansen*, 831 N.W.2d at 192.

The Board has the authority to order "[a] physical or mental evaluation . . . upon a showing of probable cause the licensee suffers from a mental, neuropsychological, physical, physiological, psychiatric or psychological condition, including, but not limited to, behavior which constitutes professional sexual misconduct." Iowa Admin. Code r. 653-24.4; *see also* Iowa Code § 272C.9(1) ("The licensing board, upon probable cause, shall have the authority to order a physical, mental, or clinical competency examination.").

The governing statutes and administrative rules do not define probable cause for purposes of agency action. The Board's order—citing the adoption of

the criminal definition of probable cause in an administrative context in *Eaton v. Iowa Employment Appeal Board*, 602 N.W.2d 553, 557 (Iowa 1999)—defined probable cause as "a reasonable ground for belief." The Board noted, "This is not a high standard." "The assessment of probable cause is based on probabilities and not mere suspicion, but it need not rise to the level of certainty beyond a reasonable doubt." *State v. Hoskins*, 711 N.W.2d 720, 726 (Iowa 2006) (edited for readability) (citations omitted).[3] "The existence of probable cause . . . is evaluated 'from the standpoint of an objectively reasonable [person.]'" *State v. Tyler*, 830 N.W.2d 288, 293–94 (Iowa 2013) (citation omitted).

Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). We consider "all the relevant evidence in the record cited by any party that detracts from that finding as well as all of the relevant evidence in the record cited by any party that supports it." *Id.* § 17A.19(10)(f)(3). "Our review of the record is 'fairly intensive,' and we do not simply rubber stamp the agency finding of fact." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011) (citation omitted). "We do not, however, engage in a scrutinizing analysis, 'for if we trench in the lightest degree upon the prerogatives of the [agency], one encroachment will breed another, until finally simplicity will give way

---

[3] The applicable burden of proof in medical disciplinary cases is preponderance of the evidence, not "beyond a reasonable doubt." *See Eaves v. Bd. of Med. Exam'rs*, 467 N.W.2d 234, 237 (Iowa 1991).

to complexity, and informality to technicality.'" *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012) (citation omitted); *see also Pease*, 807 N.W.2d at 845 ("[E]vidence may be substantial even though we may have drawn a different conclusion as the fact finder."). "Making a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). "The reviewing court only determines whether substantial evidence supports a finding 'according to those witnesses whom the [factfinder] believed.'" *Id.* at 395 (citation omitted).

> In evaluating the patient's credibility, the Board found,

> Based in part on the serious nature of the allegations, the contemporaneous text message of the inappropriate touching on February 19, 2019, and her overall demeanor, including her earnestness about what occurred, her testimony about inappropriate sexual touching has significant force and enough to meet the probable cause standard discussed below. This is true even though an exacting review of her statements made during the investigation and at the hearing reveal they are not fully consistent on the timing of the events and certain other details.

The Board's evaluation acknowledged inconsistencies in the patient's testimony, but found her sufficiently credible "to meet the probable cause standard."

The Board also determined "there is nothing in the record to dispel" a probable-cause finding. The evidence Dr. Doe presented "was not sufficient to dispel the strength of [the patient]'s testimony of abuse." The Board noted "numerous factual misstatements" in the medical records meant they were "not sufficiently credible as to what occurred during the appointments to have any

material bearing on this case," including "objectively inaccurate information" of which examinations occurred during the appointment. Moreover, Dr. Doe's denials "were not sufficiently compelling given the standard of proof." The Board did not make any findings regarding the credibility of the medical professionals from Dr. Doe's office.

The Board reiterated, "[P]robable cause is a very limited standard that is far below the standard required to prove the allegation occurred as alleged for disciplinary purposes." The ordered evaluation "is of great importance since it can provide context for the allegations."

Considering the entire record under our limited review and giving deference to the Board's implied credibility determination of the patient, we find substantial evidence supports the Board's finding of probable cause to order Dr. Doe complete a confidential comprehensive evaluation. As the Board and the district court noted, this is a limited standard not equal to the burden of proof required in disciplinary proceedings. Considering the lack of reliable records for medical appointments, the complaint the medical assistant did not report to the office manager and was not investigated internally, and the patient's accounts to the investigator, the Board had a reasonable ground for belief Dr. Doe's behavior "constitute[d] professional sexual misconduct, such that a comprehensive evaluation was justified." Iowa Admin. Code r. 653-24.4; *see* Iowa Code § 17A.19(10)(f).

We also find the Board did not shift the burden of proof to Dr. Doe. The State had the burden of proof to establish probable cause for the evaluation. The record shows the State presented testimony and other evidence to satisfy its burden. Dr. Doe's presenting a defense and contesting the evidence used to

establish the probable cause does not amount to an impermissible shift in the burden of proof.

We affirm the Board's evaluation order.

**AFFIRMED.**