**IN THE COURT OF APPEALS OF IOWA**

No. 20-1094
Filed August 4, 2021

**MIRZA CUFUROVIC,**
        Plaintiff-Appellee,

**vs.**

**TYSON FOODS, INC.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.

        Tyson Foods, Inc. appeals the district court's reversal of the workers

compensation commissioner's decision affirming an arbitration decision by the

deputy commissioner. **REVERSED AND REMANDED.**

        Jason P. Wiltfang of Scheldrup Wiltfang Corridorlaw Group Iowa P.C.,

Cedar Rapids, for appellant.

        Joshua M. Moon of Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson,

P.L.C., Waterloo, for appellee.

        Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Mirza Cuforvic claims she is entitled to workers' compensation benefits because of a back injury she allegedly suffered during her employment with Tyson Foods, Inc. The deputy commissioner concluded Cuforvic had not met her burden of proof. The commissioner affirmed. The district court reversed. Tyson appeals the district court's determination.

Our review is shaped "by the deference we are statutorily obligated to afford the commissioner's findings of fact." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014). "The legislature has by a provision of law vested the commissioner with the discretion to make factual determinations." *Id.*; *see also id.* (noting medical causation is among the factual questions "vested in the commissioner's discretion"). As the "trier of fact," it is the commissioner's duty "to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007). "We are bound by the commissioner's factual determinations if they are supported by 'substantial evidence in the record before the court when that record is viewed as a whole.'" *Mike Brooks, Inc.*, 843 N.W.2d at 889 (quoting Iowa Code § 17A.19 (10)(f) (2009)); *see also Sellers v. Emp. Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) ("The administrative process presupposes judgment calls are to be left to the agency. Nearly all disputes are won or lost there." (citation omitted)).

Here, the deputy commissioner received causation opinions from three physicians: Dr. Robert L. Gordon, Dr. Trevor R. Schmitz, and Dr. Arnold E. Delbridge. Dr. Delbidge's opinion supported Cuforovic's claim of a work-related injury. But the deputy commissioner discounted Dr. Delbridge's opinion because—

based on other evidence in the record and the deputy commissioner's credibility determinations—the deputy commissioner believed Dr. Delbridge misunderstood Cuforovic's work duties. Specifically, the deputy commissioner believed Dr. Delbridge's opinion significantly overstated Cuforovic's lifting duties. Conversely, the deputy commissioner found Dr. Schmitz and Dr. Gordon had relied on "the most accurate work history" for Cuforovic. Their opinions were "most consistent with the facts surrounding" Cuforovic's duties as the deputy commissioner understood them. And their opinions were contrary to Cuforovic's claim. Dr. Gordon observed that "[t]he history as provided to [him] by Ms. Cufurovic and the records that [he] reviewed do not support her current condition being work related." Dr. Schmitz opined Cuforvic's "alleged back condition is related to personal conditions that are unrelated to her job duties." These opinions provided substantial evidence to support the deputy commissioner's conclusion that Cufurovic "failed to carry her burden of proof to establish that her low back injury arose out of and in the course of her employment with Tyson." Likewise, these opinions provided substantial evidence to support the commissioner's order affirming the deputy commissioner's determinations and dismissing Cufurovic's petition.

As the district court found, however, the record might also have supported different factual determinations and a different outcome. But it is not our role to "determine whether the evidence supports a different finding." *Cedar Rapids Cmty. School Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011)*; see also Arndt*, 728 N.W.2d at 394 (noting courts should not decide whether certain "evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker'

than another piece of evidence").  Rather, our role is simply to "determine[] whether substantial evidence supports" the commissioner's findings "*according to those witnesses whom the [commissioner] believed.*"  *Arndt*, 728 N.W.2d at 395  (second alteration in original) (citation omitted); *see Pease*, 807 N.W.2d at 845 (noting "our task is to determine whether substantial evidence, viewing the record as a whole, supports the findings actually made").  The opinions of Dr. Schmitz and Dr. Gordon provided the necessary support.

We reverse and remand for entry of a judgment affirming the commission.

**REVERSED AND REMANDED.**