# IN THE COURT OF APPEALS OF IOWA

No. 23-0045
Filed February 7, 2024

**KRAFT HEINZ COMPANY and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,**
Petitioners-Appellants,

**vs.**

**ERNEST BYNUM,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

An employer appeals the district court's denial of its petition for judicial review of the workers' compensation commissioner's ruling. **AFFIRMED.**

Peter J. Thill and Brandon W. Lobberecht of Betty, Neuman & McMahon, P.L.C., Davenport, for appellants.

Adnan Mahmutagic of Adnan Mahmutagic P.L.L.C., Clive, for appellee.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

Ernest Bynum began working for Kraft Heinz Company (Kraft) in November 2018 through a temporary employment agency. He was hired as a Kraft employee on January 7, 2019. Bynum's job duties while employed by the temp agency and by Kraft were the same. Those duties in Kraft's sanitation department included shoveling waste and stacking pallets. It was physically demanding work. Over time, this work caused Bynum to experience pain and a pulling sensation in his groin. Bynum saw doctors about the problem. In early February, a doctor diagnosed a hernia and scheduled Bynum for surgery later in the month to repair it. Prior to the surgery, Bynum informed Kraft of his medical problems and upcoming surgery. After the surgery, he took time off work to recover. While off work, he received short-term disability benefits. While the benefits were managed by a third party, Bynum worked with Kraft personnel to sign up for those benefits.

Bynum returned to work, but still felt pain, so he visited the doctor again. After the pain resulted in an emergency room visit in May, Bynum did not return to work. In June, Bynum requested a referral for a second opinion from University of Iowa Hospitals and Clinics (UIHC), but because the injury was work-related, UIHC declined to schedule an appointment. On June 13, Bynum wrote a letter to his supervisors and others in the company explaining that he had informed multiple people about his injury but had received no help and that he believed he should be receiving workers' compensation benefits. A Kraft employee subsequently filed a first report of injury. In November, Bynum again returned to his doctor complaining of the same pain and discomfort. The doctor recommended a trial of

pain medication and referred him to a pain clinic. At some point after delivering the June 13 letter, Bynum tried to return to work and learned he had been fired.

Bynum filed a workers' compensation claim against Kraft and its workers' compensation insurer, Indemnity Insurance Company of North America.[1] The deputy commissioner determined that Bynum had suffered a cumulative injury caused by his work at Kraft, finding February 5, 2019, to be the date of injury. Kraft asserted the affirmative defense that it had not received notice of the injury within ninety days of that date as required by Iowa Code section 85.23 (2019). The deputy commissioner disagreed, finding Kraft had failed to prove it did not receive timely notice because it had not rebutted credible testimony that Bynum had informed multiple supervisors of the injury within the ninety-day period. Kraft appealed to the commissioner, who affirmed and adopted the deputy commissioner's decision. Kraft petitioned for judicial review, making the same argument.[2] The district court concluded that substantial evidence supported the commissioner's[3] conclusion that Kraft failed to prove lack of notice and denied the petition.

---

[1] As Kraft and its insurer share a common interest, we will refer only to Kraft throughout this opinion for ease of reference.

[2] In both its intra-agency appeal and its petition for judicial review, Kraft raised multiple issues. On appeal to this court, Kraft only raises the issue of whether it received timely notice of Bynum's injury.

[3] Because the commissioner adopted the deputy commissioner's proposed ruling, we treat the two decisions as one and refer to them collectively as the commissioner's ruling, except when distinguishing the two decisions is warranted. *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 556 n.2 (Iowa 2010) (following the same method for referencing the two decisions of the agency).

Kraft appeals. It argues the commissioner's notice finding was not supported by substantial evidence. Kraft asks us to reverse the district court's ruling and remand with instructions to dismiss Bynum's claim for benefits.

We review district court rulings on judicial review of agency decisions under Iowa Code chapter 17A (2022). *Chavez v. M.S. Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022). We apply section 17A.19(10) to determine whether we come to the same conclusions as the district court. *Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018). "[W]e accept the commissioner's factual findings when supported by substantial evidence." *Bluml v. Dee Jay's Inc.*, 920 N.W.2d 82, 84 (Iowa 2018). "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of the fact are understood to be serious and of great importance." Iowa Code §17A.19(10)(f)(1).

Iowa Code section 85.23 (2019) provides, in relevant part:

> Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.[4]

Kraft argues it did not receive timely notice of the injury because, before sending the June 13 letter, Bynum only mentioned that he was hurt, not that the injury was

---

[4] Both Kraft's argument and the commissioner's findings focus only on notice. Neither address whether Kraft had actual knowledge of Bynum's work-related injury.

work-related. But it is Kraft's burden to prove it lacked notice before the notice period expired. *See IBP, Inc. v. Burress*, 779 N.W.2d 210, 219 (Iowa 2010). Bynum, whom the deputy commissioner found generally credible, testified that he informed multiple supervisors of his injury and that he was experiencing the symptoms of the injury due to his work activities. Kraft introduced testimony and affidavits from some of its employees to try to rebut Bynum's claim. However, Kraft did not introduce testimony or other evidence to rebut Bynum's claim that two of his supervisors, Ron Meier and Rufina Neild, knew he had suffered a work-related injury. The commissioner found that without any evidence to rebut Bynum's claim that Meier and Neild knew of his work-related injury within ninety days of February 5, Kraft had not met its burden to prove it lacked notice.

This finding is supported by substantial evidence in the record. *See* Iowa Code §17A.19(10)(f) (2022). At the hearing, Bynum testified,

> it start—just started hurting, and then I back off and—back off and wait a while, and then I go back to doing the same thing, and it just—it started getting worse, so I went to my team leader which was Ron, and Ron told me—he said he would get me some help, so it said Anthony. Anthony come back and talk to me and told me to take it easy, okay, telling me to take it easy, they would send me some help which I never did get. . . . [E]verybody told me to go to talk to Rufina which is my supervisor, older supervisor, and I went in and talked to Rufina, and Rufina told me to go to HR and talk to HR about some time off and—I went to my doctor. My doctors gave me a packet. I took the packet to Rufina. Rufina referred—I told her about the operation, and they gave me the time off for the operation. I reported it to Rufina and to Ron and to Anthony.

This testimony establishes that Rufina Neild and Ron Meier knew Bynum was injured and experiencing pain from his work activities. And when asked approximately what he told Rufina Neild, Bynum said "I say [sic], Rufina, I'm hurting here from lifting all these pallets, so she told me she would go to HR and talk to

HR about some light duty; they didn't—they didn't have light duty." This testimony provides substantial evidence supporting the commissioner's finding that Bynum communicated his injury and the work-related nature of it to Kraft.

Faced with this evidence, Kraft tries to discount it by arguing there is no evidence that the conversations during which Bynum notified Neild or Meier of his injury occurred within the ninety-day period. But Bynum's testimony quoted above references the conversations taking place before his surgery, which occurred on February 28, 2019—well within the ninety-day period after the injury occurred.

Kraft also contends that Bynum's testimony that "[t]he document that I put on the desk [referring to Bynum's June 13 letter], all of 'em knew at the same time" conclusively establishes that Bynum did not notify Kraft before delivering that letter. But Kraft's hyperfocus on select passages of Bynum's testimony ignores other evidence in the record that could reasonably be interpreted a different way. For example, Bynum also testified that "I told 'em all at the same time. They all knew 'cause they all talk about it." This testimony reasonably could support the inference that his supervisors and the employees in human resources all knew at the same time because they were discussing his injury with each other, not because they all got the same letter. Even in the testimony Kraft relies on that "all of 'em knew at the same time," Bynum went on to say "[t]he whole plant knew I was hurting . . . 'cause they told me to slow down. They wanted to help me out . . . even the supervisor on the dock told me to slow down, it's too much work on you. Everybody knew I was hurting." That suggests Bynum's co-workers, including a supervisor, were aware of his injury through word-of-mouth or observation, not via the letter. Further, the letter itself mentions Bynum telling his supervisors about the injury and

that they told him to take it easy, supporting the conclusion that Bynum notified Kraft before the letter.

Also, in an affidavit submitted on Kraft's behalf, Bynum's supervisor (Anthony Meeks) acknowledges Bynum informed him of his hernia before the surgery, and thus before the June 13 letter. While the same affidavit denies Bynum telling Meeks that the hernia was work related, when the affidavit is considered with other evidence, a reasonable fact finder could conclude Bynum notified multiple supervisors at Kraft of his injury and its work-related nature before his surgery. Finally, Bynum testified that he told Rufina Neild about his injury orally rather than through the letter—he recalled saying, "Rufina, I'm hurting here from lifting all these pallets," and that she told him to go to human resources. When looking beyond just the select statements relied upon by Kraft to the entire record, there is substantial evidence supporting the commissioner's finding that Bynum gave notice of his injury and the work-related nature of it within the ninety-day period following the injury. *See Ripperger v. Iowa Pub. Info. Bd.*, 967 N.W.2d 540, 548 (Iowa 2021) (noting that an appellate court will only disturb the commissioner's factual findings "if they are 'not supported by substantial evidence in the record . . . when that record is reviewed as a whole'" (ellipsis in original) (citation omitted)).

Although the record could support the conclusion that Bynum failed to provide timely notice, that does not mean the commissioner's finding to the contrary is not supported by substantial evidence. *See Arndt v. City of Le Claire*, 728 N.W.2d 389, 393 (Iowa 2007) ("Just because the interpretation of the evidence is open to a fair difference of opinion does not mean the commissioner's decision is not supported by substantial evidence."). The question for us is not whether the

evidence could support a different finding; the question is whether it supports the finding actually made. *Sherman v. Pella Corp.*, 576 N.W.2d 312, 320 (Iowa 1998). Substantial evidence supports the commissioner's finding that Bynum provided notice of his injury and its work-related nature to Kraft within ninety days of the injury, so we affirm.

**AFFIRMED.**